IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RARE BREED TRIGGERS, LLC et al.,

    Plaintiffs,

v.                                        CASE NO. 1:21cv149-RH-GRJ

BIG DADDY ENTERPRISES, INC. et al.,

    Defendants.

_____/

### ORDER UNSEALING FILED MATERIALS

A protective order was entered at both sides' request. As permissible under the order, the plaintiffs have designated specific discovery materials as "highly confidential—attorney eyes only." Some of the materials have been filed under seal in connection with motions. The defendants have moved to override the designation. Their primary contention is that the materials at issue should be made public—not just that they should be made available to the defendants' principals so that they may assist the defendants' attorneys in their handling of the litigation.

The principles that govern access to judicial records are well settled. *See, e.g.*, *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356 (11th Cir. 2021); *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir.

2001). Materials submitted to the court for consideration on pending issues are judicial records presumptively available to the public. *See Chicago Trib.*, 263 F.3d at 1311. When a party nonetheless asks to keep such materials from the public, the court must balance the party's interest in confidentiality with the common-law right of access. *Id.* at 1313. Portions of filings that are appropriately kept from the public may be redacted. That procedure has been followed here.

Materials produced to other parties during discovery but not submitted to the court, in contrast, ordinarily are not judicial records presumptively available to the public. *Id.* at 1311.

The defendants have not shown that materials produced only during discovery have been improperly designated as "highly confidential—attorney eyes only." It is clear, however, that the plaintiffs have sought unwarranted sealing of at least some materials submitted for consideration by the court.

The most important category of information at issue deals with the relationship among the plaintiffs and another entity involved in the manufacture and sale of the forced reset trigger that the plaintiffs allege is covered by the patent in suit and that the plaintiffs seek to protect from competition from the defendants' allegedly infringing product. The information is essential to the court's analysis of pending motions. The public interest in access to judicial records with essential information of this kind is high, and the plaintiffs' interest in confidentiality of this

specific information—information about the relationship of these entities—is modest.

The plaintiffs filed under seal ECF No. 72, their memorandum in opposition to the defendants' motion to vacate the preliminary injunction. The plaintiffs marked the filing "attorney eyes only." The plaintiffs submitted a redacted version for public filing, ECF No. 75. A comparison of the sealed and redacted versions makes clear that the entire memorandum should have been publicly filed. The attachments, also filed under seal, included copies of the transcript of a public hearing and a court order already publicly filed in this very case—copies that need not have been filed at all but that surely did not need to be sealed.

Similarly, the plaintiffs filed under seal ECF No. 83, their motion to compel discovery, and a redacted version, ECF No. 85. A comparison makes clear that nothing in the motion or attachments warrants sealing or redaction. The same is true for ECF No. 70, the plaintiffs' response to the pending motion to dismiss. The same is also true for ECF No. 59, the defendants' motion to vacate the preliminary injunction, except that one of the attachments has internal pricing information that may properly be redacted and even limited to attorney's eyes only.

The plaintiffs need to change tack. When produced during discovery, truly confidential material may be labeled confidential or, if necessary, "attorney eyes only." Truly confidential material may be filed under seal, together with a public,

properly redacted version. But only truly confidential portions should be redacted. This order requires the clerk to unseal the records discussed above, delays the unsealing to allow the plaintiffs to identify truly confidential information that should nonetheless remain redacted, and requires the parties to consult on any other sealed materials on which they disagree.

The delay in unsealing has been put in place so that if this order has overlooked isolated instances of truly confidential information, the oversight may be corrected. The plaintiffs should not treat the delay as an opportunity to reargue the issue of whether the existence and relationship of the entities involved in the manufacture and marketing of their product should be sealed; the plaintiffs have lost that argument.

IT IS ORDERED:

1. The defendants' motion to declassify materials, ECF No. 87, is granted in part.

2. On May 17, 2022, the clerk must unseal ECF Nos. 70, 72, 83, and all their attachments. But if, on or before May 13, 2022, a party moves to reconsider this paragraph, the clerk must delay the unsealing until further ordered.

3. By May 17, 2022, the plaintiffs must file an unsealed, unredacted version of their motion to vacate and for other relief, ECF No. 59, pages 59-1 through 59-

37, without attachments. But if, on or before May 13, 2022, a party moves to reconsider this paragraph, the plaintiffs may delay the filing until further ordered.

    4. By May 17, 2022, the plaintiffs must file as a separate docket entry each attachment to their motion to vacate and for other relief, ECF No. 59, pages 59-38 through 59-82. The filings must be unsealed and may be redacted only to remove pricing information. But if, on or before May 13, 2022, a party moves to reconsider this paragraph, the plaintiffs may delay the filing until further ordered.

    5. By May 13, 2022, the attorneys must confer on whether any other currently sealed materials should be unsealed.

    6. Before any additional material is submitted for filing under seal, the parties must confer in good faith on the need for sealing.

    SO ORDERED on May 3, 2022.

                                          s/Robert L. Hinkle
                                          United States District Judge