# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**RARE BREED TRIGGERS, et al.**
**Plaintiffs.**                                          CASE NO. 1:21-CV-00149-RH-HTC

-vs-

**BIG DADDY ENTERPRISES, et al.**
**Defendants.**

-and-

**RARE BREED TRIGGERS, et al.**
**Plaintiffs.**                                          CASE NO. 1:22-CV-00061-RH-HTC

-vs-

**BIG DADDY UNLIMITED, et al.**
**Defendants.**

---

**Defendants' Motion to Strike the**
**Declaration of Lawrence DeMonico**
**('149 Case, ECF No. 200-1 and '061 Case, ECF No. 54-1)**

---

Big Daddy Enterprises, Inc., ("BDE"), Big Daddy Unlimited, Inc. ("BDU"), BlackStock, Inc., Wide Open Enterprises, LLC ("WOE"), We Got Ammo, Inc. ("WGA"), Performance Triggers, Inc., Sherrie McKnight, Anthony McKnight, Douglas Rios, Christopher Rios, (together, "Defendants") hereby file this Motion to Strike the Declaration of Lawrence DeMonico ('149 Case, ECF No. 200-1 and '061

1

Case, ECF No. 54-1)[1] in its entirety, or in the alternative, to strike those portions not based on personal knowledge or properly authenticated, including communications to which Mr. DeMonico was not a party, pursuant to Federal Rules of Civil Procedure 12(f) and Federal Rules of Evidence 602, 801, and 901.

## I. INTRODUCTION

Plaintiff has submitted a declaration from its president, Lawrence DeMonico, that purports to summarize and authenticate text messages, emails, and other documents allegedly produced by third parties, primarily Omar Zumot. ECF No. 200-1. The DeMonico declaration is improper on four grounds: (1) DeMonico lacks personal knowledge of the underlying facts the declaration purports to establish; (2) the objectionable portions of the declaration are based almost entirely on hearsay; (3) the included communications are unauthenticated and cannot be authenticated by DeMonico, if at all; and (4) many purported communications consist of partial screenshots of personal text messages that are incomplete, lack context, and are not admissible as business records. Because the declaration fails to meet the standards required by the Federal Rules of Evidence, it should be stricken.

---

[1] Further references herein will refer to the '149 Case and will reference documents using the '149 Case ECF numbers.

## II. ARGUMENT

### A. The DeMonico Declaration is Inadmissible under Rule 602 and may be stricken on that basis alone

Under Rule 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge on the matter" Fed. R. Evid. 602. Mr. DeMonico's declaration submitted in support of Plaintiffs' Motion for Contempt [ECF No. 200] should be treated no differently than trial testimony as Plaintiffs rely on Mr. DeMonico's to establish factual allegations at the heart of their motion for contempt.

DeMonico expressly admits that his declaration is "in part based on the records included herein." The following paragraphs of ECF No. 200-1 should be struck under Rule 602 as containing inadmissible hearsay or otherwise demonstrably lacking any personal knowledge by DeMonico:

- ¶ 22 – "I obtained this text message thread from Omar Zumot."

- ¶ 23 – DeMonico fails to provide any basis for his statements and could only have such knowledge of such factual allegations as a result of communications with unnamed third parties, likely Zumot, as seen in the text messages he includes in the following paragraphs.

- ¶ 24 – "I obtained this text message thread from Omar Zumot."

- ¶ 25 – "I obtained this text message thread from Omar Zumot."

- ¶ 26 – "I obtained this text message thread from Omar Zumot."

- ¶ 39, fn 11 – "I obtained both of these screenshots from Josh Baker."

- ¶ 49 – DeMonico lacks personal knowledge and relies on hearsay from Josh Baker.

- ¶ 50 – DeMonico lacks personal knowledge and relies on hearsay from Josh Baker.

- ¶ 51 – DeMonico admits his lack of personal knowledge by stating, "I have been informed…" without citing the source of the information.

- ¶ 52 – DeMonico testifies "[u]pon information and belief" which demonstrates his lack of personal knowledge and Plaintiffs' reliance on mere conjecture.

- ¶ 56 – DeMonico testifies "on information and belief" which demonstrates his lack of personal knowledge and Plaintiffs' reliance on mere conjecture.

- ¶ 57 – DeMonico includes a purported email from Dairyland Defense allegedly sent to "its contact list," but fails to state how he has personal knowledge of that email.

- ¶ 58 – DeMonico testifies "on information and belief and states, "I obtained this text message thread from Zumot.

- ¶ 59 – "I obtained this text message from Zumot."

- ¶ 61 – DeMonico testifies "on information and belief" which demonstrates his lack of personal knowledge and Plaintiffs' reliance on mere conjecture.

- ¶ 65 – DeMonico alleges ownership of beararmsoutfitters.com solely based "on information and belief."

- ¶ 73 – DeMonico makes assumptions about the relationship between Myers and Defendants solely "on information and belief."

- ¶ 78 – DeMonico claims admissions made by Myers which are clearly hearsay.

- ¶ 79 – DeMonico makes further allegations about the relationship between Myers and Defendants solely based "on information and belief."

4

- ¶ 84 – DeMonico relies solely on hearsay from Omar Zumot.

- ¶ 96 – DeMonico relies on "screenshots obtained from a private Facebook group" without further identifying the source of the information or claiming he has any personal knowledge of the contents.

None of these second-hand accounts are within DeMonico's personal knowledge and are therefore inadmissible under Rule 602. *Garcia v. Delta Co.*, Civil Action No. 3:20-CV-03194-X-BH, 2023 U.S. Dist. LEXIS 49414 at *12 (N.D. Tex. 2023).

DeMonico posits that he can obtain personal knowledge by merely reviewing documents produced in discovery. [ECF No. 200-1 at 1-2]("'I' Lawrence DeMonico, have personal knowledge of the following facts set forth below, ***in part based on the records included herein, except for assertions made upon information and belief…***" (emphasis added). Any such notion would lead to the untenable holding that the mere act of reviewing documents allegedly produced by a third party might impute personal knowledge upon a declarant, even where that declarant did not base its inferences and opinions on the substance of anything he or she personally observed and experienced. *Garcia*, 2023 U.S. Dist. LEXIS 49414, at *12. Defendants are unaware of any case holding that a declarant might obtain personal knowledge by merely reviewing documents produced by a third party in the course of discovery.

5

While a declarant may meet the personal knowledge requirement by relying on documents that he or she authored, received, or maintained in the ordinary course of business, courts have refused to find personal knowledge where the declarant's only connection to the facts is having later reviewed records in litigation. *See, e.g.*, *Cook v. Wells Fargo Bank, N.A.*, No. 4:23-cv-00240, 2024 WL 1736371, at *5 (S.D. Ga. Apr. 23, 2024) (holding that a witness's "personal knowledge regarding whether Wells Fargo would send notice to its customers of a change in terms cannot be based on her review of records"); *Flat River Farms LLC v. MRC Energy Co.*, No. 19-1249, 2023 WL 4866916, at *9 (W.D. La. July 31, 2023) (excluding lay witness testimony under Rule 602 where witness "had no firsthand knowledge" and "gleaned [his] knowledge from his later review of documents"). DeMonico's declaration suffers from the same fatal flaw: he was not involved in any of Defendants' businesses, was not a participant in the communications at issue, and his testimony is based entirely on records produced by a third party in this case.

### B.  *The DeMonico Declaration is Inadmissible under Rule 801*

The Federal Rules of Evidence define hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). A declarant is "the person who made the statement." Fed R. Evid. 801(b). Hearsay is not admissible evidence unless it falls

under an exception provided by a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 802; *United States v. Caraballo*, 595 F.3d 1214, 1226 (11th Cir. 2010).

In his opening paragraph, DeMonico admits that his declaration in part relies on hearsay in that he states his personal knowledge stemming "in part based on the records included herein" ECF No. 200-1 at 1). From that point forward, however, it becomes impossible to distinguish when DeMonico is merely recounting conversations with Zumot, as opposed to summarizing records reportedly produced by him. Sometimes the hearsay is explicit—" I obtained this text message thread from Omar Zumot" or "I obtained both of these screenshots from Josh Baker"—but other times it is buried in conclusory statements about Defendants "did" or "said." *Id.* at ¶¶ 23, 49, 50, 51, 52, 56, 57, 58, 61, 65, 73, 78, 79, 96. Either way, the source of that information is either a former employee of Defendants or third party documents, not DeMonico's first-hand knowledge. Thus, the declaration functions as little more than a summary of Zumot's or Baker's out-of-court statements and/or third-party documents.

Like all evidence, statements in a declaration or affidavit are inadmissible if they constitute hearsay, absent a hearsay exception. Fed. R. Evid. 801(c); *Corbin v. Affiliated Computer Servs.*, No. 6:13-cv-180-Ori-36TBS, 2013 U.S. Dist. LEXIS

102132 (M.D. Fla. July 19, 2013) (evaluating whether exhibits attached to a declaration constituted hearsay for purposes of resolving a 12(b)(1) motion); *see also Kamen v. AT&T,* 791 F.2d 1006, 1011 (2d Cir. 1986) (hearsay statements contained in affidavits may not be considered for purposes of resolving a Rule 12(b)(1) motion). Allowing Plaintiff to establish a claim for contempt through an executive's interpretation of third-parties' out of court statements would violate Rule 602's requirement that a witness may testify only from personal knowledge, and Rule 802's prohibition on hearsay. Because DeMonico admits he learned these facts "based on the records included herein" and assertions "made upon information and belief," his testimony is inadmissible and cannot be credited for purposes of establishing a claim of contempt.

### C. *Exhibits Are Not Properly Authenticated*

Rule 901 requires documentary evidence to be authenticated by competent testimony or other evidence showing it is what the proponent claims. Pursuant to Rule 901, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). A proponent may demonstrate a document's authenticity through, among other things, testimony of a witness with knowledge or evidence of "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with

8

all the circumstances." *Id.* 901(b)(1), (4); *see also Wells v. Xpedx*, No. 8:05-cv-2193-T-EAJ, 2007 U.S. Dist. LEXIS 67000, at *1, *6 (M.D. Fla. Sept. 11, 2007) (citing caselaw holding that a writing is not authenticated simply by attaching it to an affidavit).

Much of the "evidence" included in the DeMonico declaration has not been properly authenticated by a competent witness. In fact, DeMonico admits that many of the text messages and other communications came from Omar Zumot or Josh Baker. ECF No. 200-1, ¶¶ 23, 24, 25, 26, 39, 58, 59. Mr. DeMonico was not a participant in the communications, did not send or receive the messages, and is not a custodian of the records. His mere reliance on them as documents produced by others is insufficient under Rule 901. The Rule itself provides a non-exhaustive list of acceptable methods of authentication, including testimony from a witness **with knowledge**, comparison by an expert or the trier of fact, distinctive characteristics, or certification from a records custodian. Fed. R. Evid. 901(b)(1)–(10). None of those recognized avenues is satisfied here. Without testimony from Mr. Zumot, Mr. Baker or another competent witness, the included evidence lack the evidentiary foundation required for admissibility.

For instance, in *In re Second Chance Body Armor, Inc.*, the Western District of Michigan Bankruptcy Court excluded emails because they were "neither self-

authenticating, authenticated by a witness with knowledge, nor authenticated through any other permissible means." *See* 434 B.R. 502, 505 (Bankr. W.D. Mich. 2010). In that case, one party attempted to authenticate certain emails through a witness with no personal knowledge of the conversation, who had never seen the email before, and who was not present at a meeting described in the contents of the email. *Id.* Likewise here, DeMonico has never seen the subject text messages save for when they were produced by a third-party.

In another case, the Western District of Washington considered whether various emails attached to a declaration were properly authenticated. *Kische USA, LLC v. Simsek*, No. C16-0168JLR, 2017 U.S. Dist. LEXIS 144185, at *9 (W.D. Wash. Sept. 6, 2017). There, the declarant attested that various emails attached as exhibits to his declaration were "true and correct copies" of email exchanges involving the defendant. However, the declarant was not a party to any of those emails, and there was no indication that he otherwise had personal knowledge regarding their subject matter. *Id.* The court held that the declarant could not testify as to whether those exhibits were true and correct copies of the emails. *Id.* (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002)). Here, Mr. DeMonico doesn't even claim that the included communications are "true and correct" copies, merely that he is testifying "in part based on" those records. DeMonico was not a sender or recipient of the communications, nor is he a custodian of the records. He did not

observe the conversations as they occurred. He simply received them second-hand from Zumot or Baker, non-parties. His mere reliance on the screenshots included in his declaration provides no assurance of authenticity. *See Orr*, 285 F.3d at 773.

Allowing Plaintiff to authenticate exhibits in this way would invite parties to smuggle in entire sets of communications through a surrogate declarant, bypassing the requirement of Rule 901(b) that authentication come from someone with personal knowledge—such as a participant in the conversation or a custodian of records. This is precisely what Rule 901 and cases like *Kische* and *Orr* forbid. Because DeMonico's mere reliance on "records" that he does not even claim as true and correct copies rests on nothing more than his say-so, the include communications remain unauthenticated and inadmissible. *See Wells v. Xpedx*, No. 8:05-cv-2193-T-EAJ, 2007 U.S. Dist. LEXIS 67000, at *3 (M.D. Fla. Sept. 11, 2007) (citing caselaw holding that a writing is not authenticated simply by attaching it to an affidavit); *see also Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988) (finding that affidavit characterizing a document as a "true and correct copy" was insufficient to authenticate it).

### D. Included Screenshots of Communications Are Incomplete and Not Business Records

Virtually all of the communications included in the DeMonico declaration consist of screenshots of text message fragments allegedly exchanged between third

parties and other Defendants. The various included text messages from the DeMonico declaration cannot qualify under the business records exception of Rule 803(6). *See e.g.* ECF Nos. 103-4–23. A statement is a business record if it is a record of an event and: (1) was made at or near the time of the event by someone with knowledge; (2) was kept in the course of a regularly conducted business activity; (3) making the record was a regular practice of that activity; (4) those conditions are shown by the testimony of the custodian of the records or another qualified witness or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (5) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness. Fed. R. Evid. 803(6). *See Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278, 1297 (11th Cir. 2022). The communications between third parties and Defendants plainly fail this test. They were informal, *ad hoc* conversations, not systematically recorded or maintained in the ordinary course of the Defendants' businesses. There is no evidence that BDU, Atrius, Myers, or any Defendant had a regular practice of conducting or preserving business records through personal text threads, nor is there any custodian or qualified witness who can establish the necessary foundation. *See e.g.* ECF Nos. 103-4–103-23.

At most, these are casual communications reflecting sporadic exchanges, not records created or maintained as part of a ***regular*** business activity. Nor can

DeMonico, who only became aware of the communications from Zumot or Baker, serve as a qualified witness for purposes of Rule 803(6). *United States v. Langford*, 647 F.3d 1309, 1327 (11th Cir. 2011) (holding a qualified witness must be able to identify the record as authentic and specify that it was made and preserved in the regular course of business). Because Plaintiff cannot satisfy the elements of Rule 803(6), the communications included in DeMonico's declaration do not fall within the business records exception and remain inadmissible hearsay. And as the proponent of the evidence, Plaintiff bears the burden of showing that the documents are authentic and that they meet the requirements of Rule 803(6). *In re Int'l Mgmt. Assocs., LLC*, 781 F.3d 1262, 1266 (11th Cir. 2015).

### III. CONCLUSION

Permitting Plaintiff to rely on the Demonico declaration in supporting their allegations of contempt would unfairly prejudice Defendants by forcing them to respond to inadmissible hearsay and unauthenticated evidence. Mr. DeMonico has no first-hand knowledge of any of the communications included in his declaration and makes inflammatory accusations against the Defendants based on nothing more than hearsay-based "information and belief." His conjecture about the contents or substance of those communications and hearsay statements is entitled to no weight. For the foregoing reasons, Defendants respectfully request that the Court strike at least the paragraphs listed herein of the Declaration of Lawrence DeMonico (ECF

No. 200-1) as not based on personal knowledge, constitute hearsay, or that purport to authenticate exhibits without proper foundation.

### CERTIFICATE OF CONFERRAL

I certify that Defendants conferred with counsel for Plaintiff regarding the relief requested in this Motion via emails dated September 30, 2025, and counsel for Plaintiff advised that in his opinion, the Court is free to weigh evidence in this posture – i.e., before trial and when there is no jury. Thus, opposing counsel opposes the motion.

### CERTIFICATE OF WORD COUNT

Undersigned counsel for Defendants certifies per L.R.7.1.(F) that this motion and memorandum contains 2,738 words.

October 7, 2025

Respectfully submitted,

s/ *Michael J. Smith*
Michael J. Smith
Texas Bar No. 24037517
**THE FOWLER LAW FIRM P.C.**
3301 Northland Drive, Suite 101
Austin, Texas 78731
Tel. No.: (512) 441-1411
Email: msmith@thefowlerlawfirm.com

*Attorney for Defendants Big Daddy Enterprises, Inc., Big Daddy Unlimited,*

14

*Inc., Blackstock, Inc., Wide Open Enterprises, LLC, We Got Ammo, Inc., Performance Triggers Inc., Anthony McKnight, Sherrie McKnight, Douglas Rios, and Christopher Rios*

## CERTIFICATE OF SERVICE

I certify that, on October 7, 2025 I electronically filed the foregoing with this Court using the CM/ECF system, which will send notification to counsel for all other parties.

*/s/ Michael J. Smith*
Michael J. Smith