**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION**

RARE BREED TRIGGERS, LLC et al.,

Plaintiffs,

v.

CONSOLIDATED
CASE NO. 1:21cv149-RH-HTC

BIG DADDY ENTERPRISES, INC. et al.,

Defendants.

_______________________________________/

**SCHEDULING ORDER FOR CONTEMPT PROCEEDINGS**

The parties agreed to entry of consent injunctions terminating each of these consolidated patent infringement actions. The injunctions were entered in precisely the form all parties agreed to. The plaintiffs now assert the defendants have violated the injunctions and thus are in contempt of court.

## I. Governing law

In a patent case, the law of the Federal Circuit applies "for questions impacting substantive patent questions." *In re Queen's Univ. at Kingston*, 820 F.3d 1287, 1290 (Fed. Cir. 2016). Similarly, "a procedural issue that is not itself a substantive patent law issue is nonetheless governed by Federal Circuit law if the

issue pertains to patent law, if it bears an essential relationship to matters committed to [the Federal Circuit's] exclusive control by statute, or if it implicates the jurisprudential responsibilities of [the Federal Circuit] in a field within its exclusive jurisdiction." *Id.* (cleaned up). But for "procedural issue[s] which [are] not unique to patent law, we must apply the law of the regional circuit in which the district court sits." *Streamfeeder, LLC v. Sure-Feed Sys., Inc.*, 175 F.3d 974, 984 n.2 (Fed. Cir. 1999).

When an infringement action is litigated and results in a finding of infringement and resulting injunction, Federal Circuit law applies to contempt proceedings. *See, e.g.*, *TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869, 881 (Fed. Cir. 2011) (en banc) ("The criteria for adjudicating a violation of a prohibition against continued infringement by a party whose products have already been adjudged to be infringing is a matter of Federal Circuit law."). But when an injunction is entered only by consent, the result is different. *See Energy Recovery, Inc. v. Hauge*, 745 F.3d 1353, 1356 (Fed. Cir. 2014) ("Regional circuit law governs contempt proceedings that do not raise issues unique to patent law."). Consent decrees are properly construed as contracts. *See UPI Semiconductor Corp. v. Int'l Trade Comm'n*, 767 F.3d 1372, 1377 (Fed. Cir. 2014); *see also United States v. Armour & Co.*, 402 U.S. 673, 681–82 (1971) ("Consent decrees are entered into by parties to a case after careful negotiation has produced agreement on their precise

terms. . . . [T]he scope of a consent decree must be discerned within its four corners.").

Regional law thus governs the interpretation of the consent injunctions. *See Thatcher v. Kohl's Dep't Stores, Inc.*, 397 F.3d 1370, 1373 (Fed. Cir. 2005). That means Eleventh Circuit law applies. It makes no difference whether that means in turn that interpretation is governed by federal common law, *see Reynolds v. Roberts*, 202 F.3d 1303 (11th Cir. 2000) (applying federal common law to interpretation of a consent decree resolving a federal claim), or state law, *see Thatcher*, 397 F.3d at 1374 (applying the forum state's law—not federal common law—to interpret a consent decree). This is so because there are no differences that make a difference here between federal common law and the law of Florida or any other state. Moreover, even if federal common law applied, this court could properly look to Florida law for guidance. *See Begner v. United States*, 428 F.3d 998, 1004–05 (11th Cir. 2005) (concluding federal common law applied to interpretation of a contract but looking to Georgia law because most of the events at issue occurred there: "When 'determining what particular doctrine to apply in a particular suit, . . . the court will often select a rule of state law.'") (quoting *W. Sec. Co. v. Derwinski*, 937 F.2d 1276, 1280 (7th Cir.1991)).

## II. Contempt procedures

The law of the Eleventh Circuit on contempt procedures is well settled. *See Mercer v. Mitchell*, 908 F.2d 763, 766–67 (11th Cir. 1990); *Newman v. Alabama*, 683 F.2d 1312, 1318 (11th Cir.1982); *see also Wyatt v. Rogers*, 92 F.3d 1074, 1078 n.8 (11th Cir.1996). The order of September 18, 2025 directed the parties to submit proposed schedules for contempt proceedings. The two sides submitted proposals based on their disparate—and incorrect—views of the substantive issues presented by the contempt motion. This order defines the issues using the "show cause" terminology approved in *Mercer* and *Newman* and sets a schedule providing due process—that is, affording each side a full and fair opportunity to be heard.

## III. Scope of discovery

The plaintiffs are correct that they should be afforded an opportunity to conduct discovery. But the scope of discovery is not as broad as the plaintiffs assert, because the injunctions are not as broad as the plaintiffs assert. Discovery may go forward only on the contempt issues as properly framed.

Each consent injunction prohibits the defendants from making, causing to be made, using, causing to be used, importing, offering for sale, or selling "any Infringing Products." ECF No. 194 in Case No. 1:21cv149 at 5–6 ¶ 1. "Infringing Products" is defined to mean "forced reset triggers (i.e., the Wide Open Trigger

(WOT) and/or Powered By Graves ALAMO-15 trigger) which are covered by one or more claims of the '223 Patent." ECF No. 194 in Case No. 1:21cv149 at 4 ¶ 18.

As the Eleventh Circuit has recognized, "i.e." is a Latin abbreviation for "id est," literally translated "that is." *United States v. Philidor*, 717 F.3d 883, 886 (11th Cir. 2013); *see also i.e.*, Black's Law Dictionary (12th ed. 2024). The consent injunctions thus apply to the WOT and Alamo-15, not to other forced reset triggers. This contrasts with the preliminary injunction entered (and vacated) earlier, which applied to the WOT or "substantially similar device." ECF No. 47 at 13 ¶ 2. The parties, represented by attorneys well versed in patent law, surely knew the difference.

The defendants of course could not avoid the injunctions by changing the name or an insignificant feature of a device substantively identical in material respects to the WOT or Alamo-15. If a standard WOT or Alamo-15 is black, a red version would still violate the injunction. But the injunctions do not apply to different devices, even if they infringe the '223 patent. Relief with respect to different devices might be available under the parties' separate settlement agreement, which is now in arbitration, or in a new patent infringement action, but any relief with respect to such devices is not available in this contempt proceeding.

The bottom line: the injunctions apply only to any device that is, in substance, a WOT or Alamo-15. A device may be, in substance, a WOT or Alamo-

15 even if it has insignificant features that are different. But a different device is not, in substance, a WOT or Alamo-15.

Whether a feature is insignificant or a device is different, for this purpose, is determined by proper interpretation of the consent injunctions, not by underlying patent law. The injunctions apply only to the WOT and Alamo-15, not to different products, even those that infringe the '223 patent in the same way as the WOT and Alamo-15. The plaintiffs' own description of three devices—the Atrius FRT, 3-position WOT, and Selektor trigger—shows that they are not substantively identical to the WOT or Alamo-15 and thus are not covered by the consent injunctions. *See, e.g.*, DeMonico Decl., ECF No. 200-1 at 18–20 (describing the Atrius FRT); ECF No. 200-7 (plaintiffs' cease-and-desist letter stating the 3-position trigger is "similar" to the WOT and covered by a different patent); ECF No. 200-4 (the complaint in a separate infringement action related to Selektor devices).

This is so as a matter of contract law, whether federal common law or Florida common law. *See, e.g.*, *Romano v. John Hancock Life Ins. Co. (USA)*, 120 F.4th 729, 742 (11th Cir. 2024) ("Under federal common law, 'we first look to the plain and ordinary meaning of the [contract's] terms to interpret the contract.' ") (quoting *Alexandra H. v. Oxford Health Ins. Inc. Freedom Access Plan*, 833 F.3d 1299, 1307 (11th Cir. 2016)); *Hahamovitch v. Hahamovitch*, 174 So. 3d 983, 986

(Fla. 2015) ("When a contract is clear and unambiguous, it must be enforced pursuant to its plain language."). It bears noting, though, that the plaintiffs might fare no better under the Federal Circuit principles that apply when a party asserts violation of an injunction prohibiting infringement resulting from a litigated finding of infringement.

Such a litigated injunction would implicate an extensive body of Federal Circuit law on contempt claims involving "design-arounds." Design-arounds are not necessarily bad; they can result from legitimate innovation. *See TiVo*, 646 F.3d at 883. Whether a design-around violates an injunction prohibiting infringement turns on whether there is "more than a colorable difference" between the enjoined product and the design-around. *See* Herbert F. Schwartz, *Patent Law and Practice* § 8.I.D (7th ed. 2012). Applying this standard requires identification of the aspects of the original product that were previously found to infringe and determination of whether the modified features of the design-around are significantly different. *See TiVo*, 646 F.3d at 882; Herbert F. Schwartz, *Patent Law and Practice* § 8.I.D (7th ed. 2012). The analysis does not turn on aspects of the product unrelated to the previous finding of infringement. *TiVo*, 646 F.3d at 882.

Applying this body of law here would hit a roadblock right at the start. The consent injunctions say only that the WOT and Alamo-15 infringe the '223 patent: "At least one claim of the '223 Patent is infringed by the Infringing Products,"

defined as the WOT and Alamo-15. ECF No. 194 at 4 ¶ 19. The injunctions do not specify the implicated features of the enjoined products or the claims they infringe. The more-than-colorable-difference standard cannot be applied to any specific feature or claim, because there has been no finding or agreement of infringement for any given feature or claim. A design-around could be found to violate the injunctions only if the design-around was, in substance, the same across the board as the WOT or Alamo-15, or perhaps if the design-around included all the features and implicated in the same way all the claims that could have been a basis for the agreed conclusion that the WOT and Alamo-15 infringed the ’223 patent.

## IV. No need to prove infringement

For their part, the defendants incorrectly assert the plaintiffs’ contempt claim is, in effect, a patent infringement claim that must be litigated accordingly, beginning with claim construction. The consent injunctions settled the infringement issue for the products they addressed—for the WOT and Alamo-15. *See* ECF No. 194 in Case No. 1:21cv149 at 4 ¶ 19 & 6 ¶ 4. The question now is not whether those products are infringing but whether the defendants have violated the injunction by making, causing to be made, using, causing to be used, importing, offering for sale, or selling them. Claim construction will be relevant, if at all, only on the question whether any product is substantively identical to the WOT or Alamo-15.

Page 9 of 12

## V. Conclusion

For these reasons,

IT IS ORDERED:

1. The defendants must show cause why they should not be held in contempt of court for violating the consent injunctions by making, causing to be made, using, causing to be used, importing, offering for sale, or selling a product that is, in substance, a Wide Open Trigger or Powered By Graves ALAMO-15 trigger.

2. By January 6, 2026, the plaintiffs must file a notice specifically identifying every product they accuse as a basis for the contempt finding they seek.

3. The parties may conduct discovery on the contempt issues as properly framed. The discovery deadline is March 2, 2026.

4. By January 6, 2026, the plaintiffs must serve Federal Rule of Civil Procedure 26(a)(1)(A)(i), (ii), and (iii) disclosures for their contempt claim.

5. By January 20, 2026, the defendants must serve Federal Rule of Civil Procedure 26(a)(1)(A)(i) and (ii) disclosures for their contempt defenses.

6. By February 3, 2026, the plaintiffs must serve Federal Rule of Civil Procedure 26(a)(2) disclosures for the contempt claim. By February 17, 2026, the defendants must serve Rule 26(a)(2) disclosures for the contempt claim. But if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), the deadline is the

later of (a) 7 days after the other party's disclosure or (b) the deadline that would otherwise apply.

7. The deadline to move for summary adjudication of the contempt motion—the equivalent of summary judgment—is 14 days after the discovery deadline. The schedule and procedures on any such motion are the same as the Local Rule 56.1 schedule and procedures for a summary-judgment motion.

8. Trial on the contempt motion is set for the two-week trial period that begins on May 18, 2026. A party with a conflict during that period must file a notice identifying the conflict by November 13, 2025.

9. The deadline is April 13, 2026 for an attorney conference to address pretrial matters, stipulate to as many facts and agree on as many issues as possible, and prepare the pretrial stipulation. The plaintiffs' attorney must initiate arrangements for the conference, but all attorneys are responsible for ensuring that the conference occurs and the requirements are met.

10. At or before the attorney conference, each party must make the disclosures required by Federal Rule of Civil Procedure 26(a)(3). As required by the rule, each party must separately identify witnesses and exhibits the party expects to offer and those the party may offer if the need arises, and each party must designate deposition testimony the party expects to offer. The deadline for objections under Rule 26(a)(3) is seven days later.

Page 11 of 12

11. At or before the attorney conference, each party must provide an attorney for each other party an exact copy of every exhibit that will or may be offered in evidence, marked with a readily identifiable exhibit number. It is not sufficient that a document has been produced during discovery or is on an exhibit list; each exhibit must be provided with a readily identifiable exhibit number.

12. The parties must file a pretrial stipulation by April 24, 2026. The pretrial stipulation must include:

(a) A brief general statement of each party's case;

(b) Each party's witness list, separately identifying those the party expects to call and those the party may call if the need arises, and identifying those who will give expert testimony;

(c) Each party's exhibit list, separately identifying those the party expects to offer and those the party may offer if the need arises, and noting all objections.

(d) All stipulations of fact and agreements on issues;

(e) A concise statement of those factual issues that remain to be litigated;

(f) A concise statement of legal issues that remain for determination by the court;

(g) A concise statement of any disagreement on admissibility of evidence or application of the Federal Rule of Civil Procedure or Evidence;

(h) A list of all motions that remain pending;

(i) Each side's estimate of the length of trial.

13. Witness and exhibit lists must include rebuttal witnesses and exhibits as well as those that may be offered in a party's case in chief. A witness or exhibit not timely and properly listed will be excluded unless (a) the late discovery or disclosure of the witness or exhibit did not result from lack of diligence, (b) the full substance and import of the evidence is disclosed to all other parties immediately upon discovery of the omission, and (c) the court determines that justice requires admission of the evidence. Evidence not timely and properly disclosed is almost always excluded. Objections to exhibits are waived unless noted in the pretrial stipulation.

14. Each party must file a trial brief by April 24, 2026.

15. By a separate notice, the clerk must set a pretrial conference for the first available date on or after May 1, 2026. Each party's lead attorney and each other attorney who will have a significant role in conducting the trial must attend. A ruling may be entered or a hearing may be conducted on any motion that remains pending at the time of the conference.

SO ORDERED on October 30, 2025.

s/Robert L. Hinkle
United States District Judge