IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RARE BREED TRIGGERS, LLC et al.,

    Plaintiffs,

v.

CONSOLIDATED
CASE NO. 1:21cv149-RH-HTC

BIG DADDY ENTERPRISES, INC. et al.,

    Defendants.

_____/

## ORDER DENYING THE MOTION TO
## STRIKE THE DEMONICO DECLARATION

    The plaintiffs filed the declaration of Lawrence DeMonico in support of their contempt motion. The defendants have moved to strike the declaration, asserting, sometimes correctly and sometimes not, that the declaration includes testimony that, if offered at trial, would be inadmissible on hearsay or other grounds.

    It is not clear the plaintiffs needed to submit the declaration at all. This is so because a contempt motion can go forward on sufficient allegations, without full evidentiary support. *See Mercer v. Mitchell*, 908 F.2d 763, 768 (11th Cir. 1990); *see also Wyatt ex rel. Rawlins v. Rogers*, 92 F.3d 1074, 1078 n.8 (11th Cir. 1996);

*Tivo Inc. v. EchoStar Corp.*, 646 F.3d 869, 881 (Fed. Cir. 2011). The plaintiffs will have to prove their allegations at the contempt trial with admissible evidence, not declarations. *See Mercer*, 908 F.2d at 768; *Wyatt ex rel. Rawlins*, 92 F.3d at 1078 n.8; *TiVo*, 646 F.3d at 882. It will be time enough to deal with the defendants' objections if the plaintiffs call Mr. DeMonico as a witness at the trial.

In sum, there might have been no need to file the declaration at all, and there was certainly no need to include its inadmissible provisions. More importantly for present purposes, there also is no reason to strike the declaration or to sort through its myriad provisions to determine at this time which assertions will be admissible at trial and which will not.

IT IS ORDERED:

The defendants' motion, ECF No. 225, to strike the DeMonico declaration is denied.

SO ORDERED on October 31, 2025.

s/Robert L. Hinkle
United States District Judge