**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

Rare Breed TRIGGERS, LLC, and ABC IP
LLC,

     *Plaintiffs*,

                                   Case No. 1:21-cv-00149-RH-HTC

     *v*.

BIG DADDY ENTERPRISES, INC., BIG
DADDY UNLIMITED, INC., WIDE
OPEN ENTERPRISES, LLC, d/b/a WIDE
OPEN TRIGGERS, WE GOT AMMO,
INC., ANTHONY MCKNIGHT,
SHERRIE MCKNIGHT, AND
DOUGLAS ENRIQUE RIOS

     *Defendants*.

**FIRST COMBINED RESPONSES TO DEFENDANT WIDE OPEN
ENTERPRISES, LLC'S SECOND REQUESTS FOR PRODUCTION OF
DOCUMENTS TO PLAINTIFFS RARE BREED TRIGGERS, LLC AND
ABC IP LL**

---

     Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 26.1, Plaintiffs Rare Breed Triggers, LLC (hereinafter "Rare Breed") and ABC IP, LLC (hereinafter, "ABC") (collectively, "Plaintiffs") hereby submits this Combined Response to Defendant Wide Open Enterprises, LLC's (hereinafter "Wide Open") Second Set of Requests for Production ("Document Requests").

Ex. 1--0001

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the requests were asked of, or any responses contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Plaintiffs have not completed their investigation of the facts relating to this case and have not completed their preparation for trial. The following first responses are based upon information presently available to Plaintiffs. These responses thus only constitute a preliminary position and are made without prejudice to Plaintiffs of the right to utilize subsequently discovered facts. Plaintiffs anticipate that as the action proceeds, they may discover further facts and documents. Pursuant to Rule 26(e), Plaintiffs reserve the right to supplement, modify, alter or otherwise change any of its responses to these requests and/or to produce additional documents as this matter continues, whether as a result of subsequent investigation, later acquired information, or otherwise.

No incidental or implied admissions are intended hereby. The fact that Plaintiffs have responded to any request should not be taken as an admission that Plaintiffs accept or admit the existence of any facts set forth or assumed by such request, or that such response constitutes admissible evidence. The fact that Plaintiffs have responded to part or all of any request is not intended and shall not be construed to be a waiver by Plaintiffs of all or any part of any objection to any request.

Ex. 1--0002

This Preliminary Statement is incorporated into each of the responses set forth below.

## REQUESTS FOR DOCUMENTS

**Request No. 83:**

All documents, including video recordings, relating to communications and documents exchanged with any current or former employee of Defendants.

**Response:**

This Request has been made in both written and oral fashion to Plaintiffs. At all times, Plaintiffs have objected to this request because it seeks discovery of documents or things that are subject to the attorney-work product and/or attorney-client privilege. Defendants have been advised there are no such recording that do not fall within that objection. Plaintiffs further objected to this request because it seeks discovery of documents or information that is equally or more available to Wide Open (and Defendants) and/or available by means less burdensome, less expensive, or more appropriate than by this Request, including without limitation, consultation of the deposition transcripts of the following individuals: Sean Lindley, Sean Connolly, and Wesley Tomlin. Those individuals are the only former employees of Defendants that have had any contact and/or communication with Plaintiffs.

Ex. 1--0003

**Request No. 84:**

All documents relating to the production of any trigger alleged or believed by You to be covered by one or more claims of the '223 Patent.

**Response:**

Plaintiffs object to this Request as needlessly redundant and/or duplicative of previously served document request Nos. 21, 26, 28, 30, 80, and 81. Plaintiffs have previously responded to the forementioned Requests as well as supplemented their responses to the forementioned Requests.

Subject to and without waiving the foregoing, Plaintiffs state as follows:

- RBT001122-001137; RBT001138-001152-001168; RBT001529-001533; RBT001536 RBT006578; RBT006579-006587

Plaintiffs are not aware of any documents or information in its possession, custody, or control that can be further used to supplement its responses to the forementioned Requests. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 85:**

Documents sufficient to show the number of triggers sold by You to date, the cost of their production, sales revenues, and gross and net profit from sales.

Ex. 1--0004

**<u>Response:</u>**

Plaintiffs object to this Request as needlessly redundant and/or duplicative of previously served document request Nos. 71, 72, and 73. Plaintiffs have previously responded to the forementioned Requests as well as supplemented their responses to the forementioned Requests.

Subject to and without waiving the foregoing, Plaintiffs state as follows:

- RBT001508-001513; RBT001524-001525; RBT001122-001137; RBT001138-001152-001168; RBT006578; RBT006579-006587

Plaintiffs are not aware of any documents or information in its possession, custody, or control that can be further used to supplement its responses to the forementioned Requests. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**<u>Request No. 86:</u>**

All documents relating to communications with Thomas Allen Graves related to this litigation.

**<u>RESPONSE:</u>**

Plaintiffs object to this Request because it seeks discovery of documents that are equally or more available to Wide Open (and Defendants) and/or available by means that are less burdensome, less expensive, or more appropriate than by this

Ex. 1--0005

Request, including without limitation, search for public information or documents already produced in this case.

Plaintiffs state that they have no responsive documents or things in their current possession, custody, or control. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 87:**

All documents relating to Thomas Allen Graves contributions to the FRT 15 Trigger.

**RESPONSE**:

Plaintiffs object to this Request as vague and ambiguous as there is no definition or parameters set forth for what is considered a "contribution." Accordingly, Plaintiffs will apply their understanding of the word "contribution" to this Request, which is to actually provide or supply some physical or mechanical input on the design, operable specifications, tuning instructions, or aesthetic of the FRT-15™. To Plaintiffs' knowledge, Thomas Allen Graves made no contribution to the FRT-15™ trigger.  Plaintiffs further object to this Request as needlessly redundant and/or duplicative of previously served document request Nos. 21, 26, 28, 30, 80, and 81.

Plaintiffs have previously responded to the forementioned Requests as well as

Ex. 1--0006

supplemented their responses to the forementioned Requests. Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to supplement their responses to the forementioned Requests.

**Request No. 88:**

All documents relating to the relationship between ABC IP LLC, XYZ Distrubution [sic] LLC, Rare Breed Triggers LLC, The 1861 LLC, Leleux LLC, LAD LLC, Wolf Tactical, Cole Leleux, Lawrence DeMonico, Kevin Maxwell, and Spider Hole LLC.

**RESPONSE**:

Plaintiffs object to this Request as needlessly redundant and/or duplicative of previously served document request No. 56.

Subject to and without waiving the foregoing, Plaintiffs state as follows:

- RBT000001-000024; RBT000193; RBT000194-000196; RBT000491-000493; RBT000520-000524; RBT000915;

Plaintiffs have previously responded to the forementioned Request as well as supplemented their response to the forementioned Request. Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to supplement their response to the forementioned Request.

Ex. 1--0007

**Request No. 89:**

All documents relating to any agreements between Plaintiffs, XYZ Distrubution [sic] LLC, The 1861 LLC, Leleux LLC, LAD LLC, Wolf Tactical, Cole Leleux, Lawrence DeMonico, Kevin Maxwell, and/or Spider Hole LLC related to the '223 Patent.

**Response:**

Plaintiffs object to this Request as needlessly redundant and/or duplicative of previously served document request No. 56 as well as presently served document request No. 88.

Subject to and without waiving the foregoing, Plaintiffs state as follows:

- RBT000193; RBT000491-000493; RBT000556; 000915;

Plaintiffs have previously responded to the forementioned Requests as well as supplemented their response to the forementioned Request No. 56. Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to supplement their response to the forementioned Request.

**Request No. 90:**

All documents related to any financial interests any third party has in this Litigation.

**Response:**

Plaintiffs object to this Request because it is needlessly redundant and/or

8

duplicative of previously served document request No. 56 as well as presently

served document request Nos. 88 and 89.

Subject to and without waiving the foregoing, Plaintiffs state as follows:

- RBT001381-001393, RBT001409-001410; and RBT001434-001435

Plaintiffs have previously responded to the forementioned Requests as well as

supplemented their response to the forementioned Request No. 56. Plaintiffs are

not aware of any documents or information in their possession, custody, or control

that can be further used to supplement their response to the forementioned Request.

**Request No. 91:**

All documents concerning the design and/or development of the FRT-15 including

drawings, specifications, parts lists, test reports, prototypes, modifications and

changes during development, engineering change orders, trip reports, meeting

notes, work orders, logs of engineering work, logs of hours expended on

development, and engineering studies.

**Response:**

Plaintiffs object to this Request because it is needlessly redundant and/or

duplicative of previously served document request Nos. 10, 21, 26, 28, 30, 80,

and 81 as well as presently served document request Nos. 84 and 87.

Subject to and without waiving the foregoing, Plaintiffs state as follows:

- RBT001169-001435; 001598-1686; 001443-001445;

9

- RBT001508-001513; RBT001524-001525; RBT001122-001137; RBT001138-001152-001168; RBT006578; RBT006579-006587

Plaintiffs have previously responded to the forementioned Requests as well as supplemented their response to the forementioned Request Nos. 10, 21, 26, 28, 30, 80 and 81. Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to supplement their response to the forementioned Request.

**Request No. 92:**

All documents and things concerning the design and development of any forced reset trigger or trigger device made, sold, imported, or offered for sale by You including drawings, specifications, parts lists, test reports, prototypes, modifications and changes during development, engineering change orders, trip reports, meeting notes, work orders, logs of engineering work, logs of hours expended on development, and engineering studies.

**Response:**

Plaintiffs object to this Request because it is needlessly redundant and/or duplicative of previously served document request Nos. 10, 21, 26, 28, 30, 80, and 81 as well as presently served document request Nos. 84, 87, and 91. Subject to and without waiving the foregoing, Plaintiffs state as follows:

- RBT001169-001435; 001598-1686; 001443-001445; RBT001508-001513;

Ex. 1--0010

RBT001524-001525; RBT001122-001137; RBT001138-001152-001168;

RBT006578; RBT006579-006587

Plaintiffs have previously responded to the forementioned Requests as well as

supplemented their response to the forementioned Request Nos. 10, 21, 26, 28, 30,

80 and 81. Plaintiffs are not aware of any documents or information in their

possession, custody, or control that can be further used to supplement their

response to the forementioned Request.

**Request No. 93:**

Documents sufficient to identify each person involved in or having responsibility

for the design, development, or decision to market and sell the FRT-15.

**Response:**

Plaintiffs object to this Request because it is needlessly redundant and/or

duplicative of previously served document request Nos. 10, 21, 26, 28, 30, 80,

and 81 as well as presently served document request Nos. 84, 87, 91, and 92.

Subject to and without waiving the foregoing, Plaintiffs state as follows:

- RBT001169-001435; 001598-1686; 001443-001445; RBT001508-001513;

RBT001524-001525; RBT001122-001137; RBT001138-001152-001168;

RBT006578; RBT006579-006587

Plaintiffs have previously responded to the forementioned Requests as well as

supplemented their response to the forementioned Request Nos. 10, 21, 26, 28, 30,

Ex. 1--0011

80 and 81. Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to supplement their response to the forementioned Request.

**Request No. 94:**

Documents sufficient to identify each person involved in or having responsibility for the design, development, or decision to market or sell any forced reset trigger or trigger device made, sold, imported, or offered for sale by Rare Breed, LLC, ABC IP LLC, and/or XYZ Disturbution [sic] LLC.

**Response:**

Plaintiffs object to this Request because it is needlessly redundant and/or duplicative of previously served document request Nos. 10, 21, 26, 28, 30, 80, and 81 as well as presently served document request Nos. 84, 87, 91, 92 and 93. Subject to and without waiving the foregoing, Plaintiffs state as follows:

- RBT001169-001435; 001598-1686; 001443-001445;

- RBT001508-001513; RBT001524-001525; RBT001122-001137; RBT001138-001152-001168; RBT006578; RBT006579-006587; RBT001330

Plaintiffs have previously responded to the forementioned Requests as well as supplemented their response to the forementioned Request Nos. 10, 21, 26, 28, 30, 80 and 81. Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to supplement their

12

response to the forementioned Request.

**Request No. 95:**

Documents sufficient to show the structure of any FRT-15 equivalent, derivative, or modified version, as well as any changes made to the structure or functionality over time.

**Response:**

Plaintiffs object to this Request to the extent it seeks documents and/or things not in the possession, custody or control of Plaintiffs. Plaintiffs further object to this Request to the extent it seeks discovery of documents that are equally or more available to Wide Open (and Defendants) and/or available by means that are less burdensome, less expensive, or more appropriate than by this Request, including without limitation, consulting with individuals and/or entities known to be in communication with Defendants.

Subject to and without waiving the foregoing, Plaintiffs state the following:

- Plaintiffs consider the following products as equivalents, derivatives, or modified versions of the FRT-15™: WOT, Alamo-15, Tommy Triggers 2-in-1, Para-Soar 15.

- RBT001169-001435; 001598-1686; 001443-001445; RBT001508-001513; RBT001524-001525; RBT001122-001137; RBT001138-001152-001168; RBT006578; RBT006579-006587; RBT001366-001372

13

Plaintiffs will continue to search for responsive documents and shall supplement its responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 96:**

Documents sufficient to show all versions of the FRT-15.

**Response:**

Plaintiffs object to this Request because it is needlessly redundant and/or duplicative of previously served document request Nos. 10, 21, 26, 28, 30, 80, and 81 as well as presently served document request Nos. 84, 87, 91, 92, 93, and 95.

Subject to and without waiving the foregoing, Plaintiffs state as follows:

- RBT001169-001435; 001598-1686; 001443-001445; RBT001508-001513; RBT001524-001525; RBT001122-001137; RBT001138-001152-001168; RBT006578; RBT006579-006587; RBT001366-001372

Plaintiffs have previously responded to the forementioned Requests as well as supplemented their response to the forementioned Request Nos. 10, 21, 26, 28, 30, 80 and 81. Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to supplement its response to the forementioned Request.

Ex. 1--0014

**<u>Request No. 97:</u>**

Documents sufficient to describe the manufacture of or manufacturing process related to the FRT-15, including engineering drawings, bills of materials, flow charts, bills of lading, customs and/or duty receipts, and protocols.

**<u>Response:</u>**

Plaintiffs object to this Request because it is needlessly redundant and/or duplicative of previously served document request Nos. 10, 21, 26, 28, 30, 80, and 81 as well as presently served document request Nos. 84, 87, 91, 92 and 93. Subject to and without waiving the foregoing, Plaintiffs state as follows:

- RBT001169-001435; 001598-1686; 001443-001445; RBT001508-001513; RBT001524-001525; RBT001122-001137; RBT001138-001152-001168; RBT006578; RBT006579-006587; RBT001366-001372

Plaintiffs have previously responded to the forementioned Requests as well as supplemented their response to the forementioned Request Nos. 10, 21, 26, 28, 30, 80 and 81. Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to supplement its response to the forementioned Request.

**<u>Request No. 98:</u>**

Documents sufficient to describe the reason(s) for any revisions, update, or design modifications to the FRT-15.

Ex. 1--0015

**<u>Response:</u>**

Plaintiffs state as follows:

- Plaintiffs are unaware of any documents or things in their possession, custody, or control that are responsive to this Request.

Plaintiffs will continue to search for responsive documents and shall supplement its responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**<u>Request No. 99:</u>**

All documents and things concerning the commercialization of the FRT-15, including white papers, business plans, marketing surveys, test market results, and marketing and promotional materials.

**<u>Response:</u>**

Plaintiffs object to this Request because it is needlessly redundant and/or duplicative of previously served document request Nos. 75 and 76.

Subject to and without waiving the foregoing, Plaintiffs state as follows:

-RBT001169-001435; RBT001462-001463; RBT001526-001528;

Plaintiffs have previously responded to the forementioned Requests as well as supplemented their response to the forementioned Requests. Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to supplement their response to the forementioned Request.

16

Plaintiffs will continue to search for responsive documents and shall supplement its responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 100:**

All documents concerning any mention of or reference to patents or patented technology not owned by ABC IP LLC or a Rare Breed customer or potential customer of forced reset triggers or trigger devices made, sold, imported or offered for sale by Rare Breed, including communications with any suppliers, customers or potential customers and reports from sales meetings.

**Response:**

Plaintiffs object to this Request as vague and ambiguous. Plaintiffs are unable to ascertain what type of documents are being sought in this Request and cannot reasonably ascertain the type of documents being sought despite repeated efforts. Plaintiffs ask Wide Open (and Defendants) to clarify this Request succinctly and pointedly in order to permit a full and complete response.

**Request No. 101:**

All patent applications filed by or on behalf of Rare Breed LLC, ABC IP LLC, XYZ Disturbution [sic] LLC, and/or any of their owners, members, or officers, and any resulting patents, concerning forced reset triggers and/or trigger devices.

**Response:**

Plaintiffs state as follows:

- RBT006253-006282

Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to respond to this Request. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 102:**

All documents concerning any technology believed by You to be an acceptable, non-infringing substitute or alternative to the technologies claimed in the '223 Patent.

**Response:**

Plaintiffs object to this Request because it is needlessly redundant and/or duplicative of previously served document request Nos. 74. Plaintiffs have previously responded to the forementioned Request as well as supplemented their response to the forementioned Request. Plaintiffs do not believe there presently is any technology that provides am acceptable, non-infringing substitute or alternative to the technologies claimed in the '223 Patent. Plaintiffs are not aware of any documents or information in their possession, custody, or control that

18

Ex. 1--0018

can be further used to supplement its response to the forementioned Request.

**Request No. 103:**

Documents sufficient to describe, itemize or summarize costs incurred by You in researching, developing, marketing, selling, or distributing the FRT-15.

**Response:**

Plaintiffs object to this Request because it is needlessly redundant and/or duplicative of previously served document request Nos. 10, 11, 71, and 72. Subject to and without waiving the foregoing, Plaintiffs state as follows:

- RBT001537-001569; RBT001536; RBT001531-1533; RBT001526-1528; 001598-1686; RBT001122-001168; RBT006578; RBT006579-006587

Plaintiffs have previously responded to the forementioned Requests as well as supplemented their response to the forementioned Requests. Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to supplement their response to the forementioned Request.

**Request No. 104:**

All documents concerning any policy, guidelines, or agreement of Yours concerning patent licensing or royalty rates for any forced reset trigger or trigger device made, sold, or offered for sale by Rare Breed LLC, ABC IP LLC, and/or XYZ Disturbution [sic] LLC.

Ex. 1--0019

**Response:**

Plaintiffs state as follows:

- Plaintiffs are unaware of any such documents that are in Plaintiffs' possession, custody, or control. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 105:**

Documents sufficient to describe the nature and identity of any and all individuals, businesses, partners, or organizations that participate in the manufacture of the FRT-15 including the role that any individual, business, partner, or organization plays in the manufacturing process for the FRT-15.

**Response:**

Plaintiffs object to this Request because it is needlessly redundant and/or duplicative of previously served document request Nos. 10, 21, 26, 28, 30, 80, and 81 as well as presently served document request Nos. 84, 87, 91, 92, 93 and 97.

Subject to and without waiving the foregoing, Plaintiffs state as follows:

- RBT001169-001435; 001598-1686; 001443-001445; RBT001508-001513; RBT001524-001528; RBT001537-001569; RBT001536; RBT001531-1533;

Plaintiffs have previously responded to the forementioned Requests as well as

20

Ex. 1--0020

supplemented their response to the forementioned Request Nos. 10, 21, 26, 28, 30, 80 and 81 Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to respond to this Request. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 106:**

All documents concerning efforts by You to license or to take a license to any technology concerning forced reset triggers or trigger devices, including distributorship agreements, license agreements, settlement agreements, covenants not to sue, intellectual property due diligence, and negotiation correspondence.

**Response:**

Plaintiffs object to this Request because it is needlessly redundant and/or duplicative of previously served document request Nos. 33, 34, 35, 37, and 38. Subject to and without waiving the foregoing, Plaintiffs state as follows:

- RBT000193; RBT000491-000493; RBT000556; 000915

Plaintiffs have previously responded to the forementioned Requests as well as supplemented their response to the forementioned Requests. Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to supplement its response to the forementioned Request.

21

Ex. 1--0021

**Request No. 107:**

All documents concerning claims, offers, agreements, due diligence, or communications between You and third-party owners of patents or patent applications, trade secrets or other proprietary information concerning your licensing or infringement of such third-party patents, patent applications, trade secrets or other proprietary information by You relating to forced reset triggers or trigger devices.

**Response:**

Plaintiffs object to this Request because it is needlessly redundant and/or duplicative of previously served document request Nos. 33, 34, 35, 37, and 38 as well as presently served document request No. 106. Plaintiffs have previously responded to the forementioned Requests as well as supplemented their response to the forementioned Request Nos. 33, 34, 35, 37, and 38. Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to supplement its response to the forementioned Request. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 108:**

Documents sufficient to show on a monthly basis Your sales, income, and profits

Ex. 1--0022

from sales of forced reset triggers, trigger devices, and/or related warranties, including documents showing all units sold, purchasers, average sale price (billed), gross revenue (dollars), costs of goods sold, gross profit margin and net profit margin.

**Response:**

Plaintiffs object to this Request as needlessly redundant and/or duplicative of previously served document request Nos. 10, 11, 71, 72, and 73 as well as presently served document request No. 85, 99 and 103.

Subject to and without waiving the foregoing, Plaintiffs state as follows:

- RBT001169-001435; 001598-1686; 001443-001445; RBT001508-001513; RBT001524-001528; RBT001537-001569; RBT001536; RBT001531-1533; RBT006578; RBT006579-006587

Plaintiffs have previously responded to the forementioned Requests as well as supplemented their responses to the forementioned Request Nos. 10, 11, 71, 72, and 73. Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to supplement its response to the forementioned Request. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

23

**Request No. 109:**

Financial summaries, profit and loss statements, profit and loss projections, revenue projections, revenue summaries, budgets, cost summaries, cost reports, and cost projections for the FRT-15 or any other forced reset trigger.

**Response:**

Plaintiffs object to this Request as needlessly redundant and/or duplicative of previously served document request Nos. 10, 11, 71, 72, and 73 as well as presently served document request No. 85, 99, 103 and 108. Plaintiffs have previously responded to the forementioned Requests as well as supplemented their responses to the forementioned Request Nos. 10, 11, 71, 72, and 73. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 110:**

Financial summaries, profit and loss statements, profit and loss projections, revenue projections, revenue summaries, budgets, cost summaries, cost reports, and cost projections for any forced reset trigger or trigger device made, sold, offered for sale, or imported by Rare Breed LLC, ABC IP LLC, and/or XYZ Disturbution [sic] LLC.

Ex. 1--0024

**Response:**

Plaintiffs object to this Request as needlessly redundant and/or duplicative of previously served document request Nos. 10, 11, 71, 72, and 73 as well as presently served document request No. 85, 99, 103, 108, and 109. Plaintiffs have previously responded to the forementioned Requests as well as supplemented their responses to the forementioned Request Nos. 10, 11, 71, 72, and 73. Plaintiffs are not aware of any further documents beyond what has already been produced, that would be responsive to this request and will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 111:**

Documents sufficient to describe Your methods of accounting for revenues, costs and profits.

**Response:**

Plaintiffs object to this Request as needlessly redundant and/or duplicative of previously served document request Nos. 10, 11, 71, 72, and 73 as well as presently served document request No. 85, 99, 103, 108, 109, and 110. Plaintiffs have previously responded to the forementioned Requests as well as supplemented their responses to the forementioned Request Nos. 10, 11, 71,

25

72, and 73. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

## Request No. 112:

Documents sufficient to disclose all distributors of forced reset triggers or trigger devices, including the FRT-15.

## Response:

Plaintiffs state as follows:

- Plaintiffs are unaware of any such documents that are in Plaintiffs' possession, custody, or control that disclose any current distributors of forced reset triggers or trigger devices, including the FRT-15™. Plaintiffs' only former distributor of the FRT-15™ was BDE/BDU. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

## Request No. 113:

Documents sufficient to disclose all authorized warranty repair providers or other authorized repair facilities of forced reset triggers or trigger devices, including the FRT-15.

## Response:

Plaintiffs object to this request as vague and ambiguous. There is no definition or

26

parameters set forth for what constitutes or qualifies as an "authorized warranty repair provider" or "authorized repair facility." Without further clarification as to what constitutes an "authorized warranty repair provider" or an "authorized repair facility" Plaintiffs cannot reasonably respond to this request. As such, Plaintiffs will interpret this Request to mean, "documents sufficient to disclose repair providers or repair facilities of forced reset triggers or trigger devices, including the FRT-15."

Subject to and notwithstanding the foregoing, Plaintiffs state as follows:

- Plaintiffs are unaware of any such documents that are in Plaintiffs' possession, custody, or control. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 114:**

All documents concerning pricing of forced reset triggers or trigger devices, including the FRT-15, including price quotes, price lists, price announcements, and actual prices paid by customers.

**Response:**

Plaintiffs object to this Request as needlessly redundant and/or duplicative of previously served document request Nos. 10, 11, 71, 72, and 73 as well as presently served document request No. 85, 99, 103, 108, 109, and 110.

Ex. 1--0027

Plaintiffs have previously responded to the forementioned Requests as well as supplemented their responses to the forementioned Request Nos. 10, 11, 71, 72, and 73. Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to supplement its response to the forementioned Request. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**<u>Request No. 115:</u>**

Documents sufficient to identify each market in which the FRT-15 competes, participates, or is included and the total size in dollars and units of each such market.

**<u>Response:</u>**

Plaintiffs object to this Request as needlessly redundant and/or duplicative of previously served document request Nos. 74, 75, and 76.

Plaintiffs have previously responded to the forementioned Requests as well as supplemented their responses to the forementioned Requests.

Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to supplement its response to the forementioned Request. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent

Ex. 1--0028

documents or things are made available to Plaintiffs hereafter.

**Request No. 116:**

All documents concerning any reputation or goodwill enjoyed by You in each forced reset trigger or trigger device market in which forced reset triggers or trigger devices, including the FRT-15, compete, participate, or are included.

**Response:**

Plaintiffs object to this Request as needlessly redundant and/or duplicative of previously served document request Nos. 74, 75, and 76.

Plaintiffs have previously responded to the forementioned Requests as well as supplemented their responses to the forementioned Requests.

Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to supplement its response to the forementioned Request. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 117:**

Documents sufficient to identify each forced reset trigger or trigger device that competes with or participated in the same forced reset trigger or trigger device market as the FRT-15.

Ex. 1--0029

**Response:**

Plaintiffs object to this Request to the extent it seeks documents and/or things not in the possession, custody or control of Plaintiffs. Plaintiffs further object to this Request to the extent it seeks discovery of documents that are equally or more available to Wide Open (and Defendants) and/or available by means that are less burdensome, less expensive, or more appropriate than by this Request, including without limitation, consulting with individuals and/or entities known to be in communication with Defendants.

Subject to and without waiving the foregoing, Plaintiffs state the following:

- Plaintiffs consider the following products as equivalents, derivatives, or modified versions of the FRT-15™: WOT, Alamo-15, Tommy Triggers 2-in-1, Para-Soar 15 (or PARA-15) and thus competing in the same device market as the FRT-15.

- RBT001169-001435; 001598-1686; 001443-001445; RBT001508-001513; RBT001524-001525; RBT001122-001137; RBT001138-001152-001168; RBT006578; RBT006579-006587; RBT001366-001372

Plaintiffs will continue to search for responsive documents and shall supplement its responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 118:**

All documents concerning market share and market performance of each

30

Ex. 1--0030

market in which forced reset triggers or trigger devices, including the FRT-15, participate or are included, including surveys, studies, analyses, reports, focus groups, polls, searches or investigations.

**Response:**

Plaintiffs object to this request as vague and ambiguous. After reasonable efforts at ascertaining the meaning of this request, Plaintiffs are unable to understand what is being sought. Without additional clarification, Plaintiffs are unable to accurately respond to this Request and reserve the right to supplement this request in light of additional clarification. Primarily, Plaintiffs are unsure what types of responsive documents and things Wide Open (and Defendants) seek to obtain that demonstrate "market performance of each market."

**Request No. 119:**

All documents concerning factors driving consumer demand in each market in which forced reset triggers or trigger devices, including the WOT, participate or are included.

**Response:**

Plaintiffs object to this Request as needlessly redundant and/or duplicative of previously served document request Nos. 73 and 75 as well as presently served document request No. 85, 99, 103, 108, 109, 110, and 114.

Ex. 1--0031

Subject to and without waiving the foregoing, Plaintiffs state as follows:

- RBT001169-001435; 001598-1686; 001443-001445; RBT001508-001513; RBT001524-001528; RBT001537-001569; RBT001536; RBT001531-1533; RBT006578; RBT006579-006587

Plaintiffs have previously responded to the forementioned Requests as well as supplemented their responses to the forementioned Request Nos.73 and 75. Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to supplement its response to the forementioned Request. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 120:**

Documents sufficient to identify all FRT-15 sales representatives, distributors, or resellers that communicate with Your customers or potential customers about forced reset triggers or trigger devices, including the FRT-15, including his/her assigned territory.

**Response:**

Plaintiffs state as follows:

- Plaintiffs are unaware of any such documents that are in Plaintiffs' possession, custody, or control that disclose any current distributors of forced reset triggers or

32

trigger devices, including the FRT-15™. Plaintiffs' only former distributor of the FRT-15™ was BDE/BDU. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 121:**

All documents concerning customer or distributor requests, preference, or requirements relating to the FRT-15.

**Response:**

Plaintiffs object to this request as vague and ambiguous. Plaintiffs are unable to ascertain the scope of this request despite multiple attempts and cannot reasonably respond to this Request without further clarification. Particularly, Plaintiffs are unsure of what "customer requests," "preference" or "requirements" are meant to include in the context of this Request. Accordingly, Plaintiffs respond to this Request as if it were written: "all documents concerning distributor/dealer requests."

With respect to distributor/dealer requests, Plaintiffs state as follows:

- RBT003003-006252

Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

33

**Request No. 122:**

All documents concerning Your ability or inability to satisfy orders for forced reset triggers or trigger devices, including the FRT-15.

**Response:**

Plaintiffs object to this Request as needlessly redundant and/or duplicative of previously served document request Nos. 73 and 75 as well as presently served document request No. 85, 99, 103, 108, 109, 110, 114 and 119.

Subject to and without waiving the foregoing, Plaintiffs state as follows:

- RBT001169-001435; 001598-1686; 001443-001445; RBT001508-001513; RBT001524-001528; RBT001537-001569; RBT001536; RBT001531-1533; RBT006578; RBT006579-006587

Plaintiffs have previously responded to the forementioned Requests as well as supplemented their responses to the forementioned Request Nos.73 and 75. Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to supplement its response to the forementioned Request. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 123:**

All documents concerning Your marketing capacity for forced reset triggers or

34

Ex. 1--0034

trigger devices, including the FRT-15.

**Response:**

Plaintiffs object to this Request as needlessly redundant and/or duplicative of previously served document request Nos. 73 and 75 as well as presently served document request No. 85, 99, 103, 108, 109, 110, 114, 119, and 122. Subject to and without waiving the foregoing, Plaintiffs state as follows:

- RBT001169-001435; 001598-1686; 001443-001445; RBT001508-001513; RBT001524-001528; RBT001537-001569; RBT001536; RBT001531-1533; RBT006578; RBT006579-006587

Plaintiffs have previously responded to the forementioned Requests as well as supplemented their responses to the forementioned Request Nos.73 and 75. Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to supplement its response to the forementioned Request. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 124:**

All documents concerning Your capacity to manufacture forced reset triggers or trigger devices, including the FRT-15.

Ex. 1--0035

**Response:**

Plaintiffs object to this Request as needlessly redundant and/or duplicative of previously served document request Nos. 73 and 75 as well as presently served document request No. 85, 99, 103, 108, 109, 110, 114, 119, 122, and 123.

Subject to and without waiving the foregoing, Plaintiffs state as follows:

- RBT001169-001435; 001598-1686; 001443-001445; RBT001508-001513; RBT001524-001528; RBT001537-001569; RBT001536; RBT001531-1533; RBT006578; RBT006579-006587

Plaintiffs have previously responded to the forementioned Requests as well as supplemented their responses to the forementioned Request Nos.73 and 75. Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to supplement its response to the forementioned Request. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 125:**

All documents concerning any returns by customers or distributors of any forced reset triggers or trigger devices, including the FRT-15.

36

**Response:**

Plaintiffs state as follows:

- Plaintiffs are unaware of any returns by customers or distributors of any forced

reset triggers or trigger devices, including the FRT-15. The only distributor of

Plaintiffs' FRT-15™ was BDE/BDU and Plaintiffs are unaware of any instances in

which BDE/BDU attempted to return any forced reset triggers or trigger devices,

including the FRT-15.

Plaintiffs will continue to search for responsive documents and shall

supplement their responses to this Request to the extent documents or things

are made available to Plaintiffs hereafter.

**Request No. 126:**

All documents concerning any warranty repairs or any requests for warranty

repairs from customers or distributors of any forced reset triggers or trigger

devices, including the FRT-15.

**Response:**

Plaintiffs state as follows:

- Plaintiffs possess no stated warranty or warranty policy with respect to any forced

reset triggers or trigger devices, including the FRT-15.

Plaintiffs will continue to search for responsive documents and shall

supplement their responses to this Request to the extent documents or things

Ex. 1--0037

are made available to Plaintiffs hereafter.

## Request No. 127:

Documents sufficient to identify the financial relationship and contractual obligations between You and Your distributors and sales representatives, including agreements, pricing terms, receivables, payables, terminations and/or outstanding balances.

## Response:

Plaintiffs state as follows:

- RBT000193; RBT000491-000493; RBT000556; 000915; RBT001381-001393, RBT001409-001410; and RBT001434-001435

Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to respond to this Request. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

## Request No. 128:

Documents sufficient to identify and show Your document, electronic information, and data storage retention policies and procedures.

## Response:

Plaintiffs object to this Request as needlessly redundant and/or duplicative of

38

previously served document request No. 62.

Subject to and notwithstanding the foregoing, Plaintiffs state as follows:

- RBT000472-000476; RBT000462-000466; RBT000467-000471

Plaintiffs have previously responded to the forementioned Request as well as supplemented their responses to the forementioned Request. Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to supplement its response to the forementioned Request. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 129:**

Documents sufficient to show Your written policies, procedures, and guidelines for maintaining and operating their computer systems, including backup tape rotation schedules, electronic data retention, preservation and destruction schedules, file-naming conventions and standards; password, encryption, and other security protocols, email storage, and personal or home computer usage for work-related activities.

**Response:**

Plaintiffs object to this Request as needlessly redundant and/or duplicative of previously served document request No. 62.

39

Plaintiffs have previously responded to the forementioned Request as well as supplemented their responses to the forementioned Request. Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to supplement its response to the forementioned Request. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 130:**

Documents sufficient to show Your business mission, purpose or objective including all formation documents, articles of incorporation and/or agendas, founder statements, mission statements, mantras, or slogans.

**Response:**

Plaintiffs state as follows:

- RBT000001-000024; RBT000193; RBT000194-000196; RBT000491-000493; RBT000520-000524; RBT000915

Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to respond to this Request. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

Ex. 1--0040

**Request No. 131:**

Documents sufficient to identify the management and officers of Your company and their responsibilities, including organizational charts of Your company dating back to their inception or formation.

**Response:**

Plaintiffs state as follows:

- RBT000001-000024; RBT000193; RBT000194-000196; RBT000491-000493; RBT000520-000524; RBT000915; RBT001381-001393, RBT001409-001410; and RBT001434-001435

Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to respond to this Request. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 132:**

Documents sufficient to identify Your affiliates, including parent companies, subsidiaries, partnerships, joint ventures and divisions.

**Response:**

Plaintiffs state as follows:

- RBT000001-000024; RBT000193; RBT000194-000196; RBT000491-000493;

41

Ex. 1--0041

RBT000520-000524; RBT000915; RBT001381-001393, RBT001409-001410; and RBT001434-001435

Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to respond to this Request. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 133:**

Organizational charts sufficient to disclose the units, departments, divisions, or other entities within Your company that participated in or otherwise provided information or documents in connection with this Litigation.

**Response:**

Plaintiffs state as follows:

- Plaintiffs are unaware of any such documents that are in Plaintiffs' possession, custody, or control. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 134:**

All documents concerning any indemnification or insurance agreement or other circumstance under which any person or entity other than You may

42

potentially be responsible to satisfy part or all of a judgment entered against any Plaintiff in this action or to reimburse You for any costs, fees, damages or other payments made in connection with this action.

**Response:**

Plaintiffs state as follows:

- Plaintiffs are unaware of any such documents that are in Plaintiffs' possession, custody, or control. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 135:**

All documents concerning any demands for or offers of indemnification by Rare Breed LLC, ABC IP, LLC, and/or XYZ Disturbution [sic] LLC for any actual or potential violation of patents or trade secrets of third parties by forced reset triggers or trigger devices, including the FRT-15.

**Response:**

Plaintiffs state as follows:

- Plaintiffs are unaware of any such documents that are in Plaintiffs' possession, custody, or control. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

Ex. 1--0043

**Request No. 136:**

All documents concerning the '223 Patent, including and without limitation, correspondence, e-mails, memoranda, analyses, text messages, and notes.

**Response:**

Plaintiffs object to this Request as overly broad, unduly burdensome, vague and ambiguous. "All documents concerning the '223 Patent" is an unduly burdensome and broad request that is not narrowly tailored or likely to yield meaningful documents or responsive discovery that cannot be obtained through more reasonable means. Defendants do not even purport to include a boundary or limitation on this request, instead seeking to impose the opposite by listing broad, all-encompassing categories of documents "without limitation." Plaintiffs further object to this Request as needlessly redundant and/or duplicative of previously served document request No. 53. Plaintiffs have previously responded to the forementioned Request as well as supplemented their responses to the forementioned Request.

This Request contains document categories which have been prohibited from Discovery pursuant to the Parties' Agreement Governing the Protection and Exchange of Information, Documents, and Electronically Stored Information. *Dkt.* 116. Specifically, the Parties identified the following categories as, "not reasonably

accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B)…:

    a.     backup systems and/or tapes, such as those used for disaster recovery;

    b.     systems logs, server logs, and network logs;

    c.     raw or voluminous supplier or customer data that expires or is overwritten on a set schedule and not controlled or maintained by a Party, or customer data subject to privacy restrictions or regulations;

    d.     systems no longer in use that cannot be accessed without undue burden;

    e.     instant messaging and chat application data;

    f.     text messages;

    g.     information from handsets, mobile devices, personal digital assistants, and tablets that is duplicative of information that resides in a reasonably accessible data source;

    h.     deleted, slack, fragmented, or other data accessible only by forensics;

    i.     random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

    j.     on-line access data such as temporary internet files, history, cache, cookies, and the like;

Ex. 1--0045

> k.    dynamic fields of databased or log files that are not retained in the usual course of business; and
>
> l.    data in metadata fields that are frequently updated automatically, such as last opened dates.

**Request No. 137:**

All documents constituting, reflecting, or referring to communications concerning the '223 Patent.

**Response:**

Plaintiffs object to this Request as overly broad, unduly burdensome, vague and ambiguous. "All documents … concerning the '223 Patent" is an unduly burdensome and broad request that is not narrowly tailored or likely to yield meaningful documents or responsive discovery that cannot be obtained through more reasonable means. Plaintiffs further object to this Request as needlessly redundant and/or duplicative of previously served document request No. 53 as well as presently served document request No. 136. Plaintiffs have previously responded to the forementioned Requests as well as supplemented their responses to the forementioned Request No. 53.

**Request No. 138:**

All documents and things concerning whether the '223 Patent is invalid, including all documents and things that Plaintiffs rely upon for any belief or

contention that the '223 Patent or any claim thereof is not invalid and/or not unenforceable.

**<u>Response:</u>**

Plaintiffs object to this Request as needlessly redundant and/or duplicative of previously served document request Nos. 1 and 31.

Subject to and without waiving the foregoing, Plaintiffs state as follows:

- RBT000025-000192; RBT000197-000229; RBT000230-000486; RBT001090-001118; RBT000506-000507; RBT000496-000497; RBT000508-000509; RBT000494-000495; RBT000510-000511; RBT000501-000502; RBT000540-000551; RBT000557-000581

Plaintiffs have previously responded to the forementioned Requests as well as supplemented their responses to the forementioned Requests. Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to supplement their response to the forementioned Request. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**<u>Request No. 139:</u>**

All documents concerning any patent or prior art search or investigation conducted by or on behalf of Plaintiffs, or communicated to Plaintiffs,

47

concerning the '223 Patent, including every prior art document and thing uncovered by such search or investigation.

**Response:**

Plaintiffs object to this Request as needlessly redundant and/or duplicative of previously served document request Nos. 1 and 31 as well as presently served request No. 138.

Subject to and without waiving the foregoing, Plaintiffs state as follows:

- RBT000025-000192; RBT000197-000229; RBT000230-000486; RBT001090-001118; RBT000506-000507; RBT000496-000497; RBT000508-000509; RBT000494-000495; RBT000510-000511; RBT000501-000502; RBT000540-000551; RBT000557-000581

Plaintiffs have previously responded to the forementioned Requests as well as supplemented their responses to the forementioned Request Nos. 1 and 31. Plaintiffs are not aware of any documents or information in their possession, custody, or control that can be further used to supplement their response to the forementioned Request. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 140:**

All documents concerning whether any of the Defendants infringe any claim

48

Ex. 1--0048

of the '223 Patent including ,without limitation, investigations, studies, and tests.

**Response:**

Plaintiffs object to this Request as needlessly redundant and/or duplicative of previously served document request Nos. 31, 49, 50, 51, 52, and 79. Plaintiffs have previously responded to the forementioned Requests as well as supplemented their responses to the forementioned Request Nos. 31, 49, 50, 51, 52 and 79. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 141:**

All documents and things that support, refute, or relate to Plaintiffs' contention that Defendants infringe on more claims of the '223 Patent, including all documents and things upon which Plaintiffs rely to support their contention that their forced reset triggers and/or trigger devices, including the WOT, infringe any claim of the '223 Patent.

**Response:**

Plaintiffs object to this Request as needlessly redundant and/or duplicative of previously served document request Nos. 31, 49, 50, 51, 52, and 79 as well as presently served document request No. 140.

Ex. 1--0049

Plaintiffs have previously responded to the forementioned Requests as well as supplemented their responses to the forementioned Request Nos. 31, 49, 50, 51, 52 and 79. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 142:**

Documents sufficient to show how and when You first became aware of the existence of the WOT and/or Alamo-15 triggers.

**Response:**

Plaintiffs object to this Request as needlessly redundant and/or duplicative of previously served document request Nos. 31, 49, 50, 51, 52, and 79 as well as presently served request Nos. 140 and 141.

Plaintiffs have previously responded to the forementioned Requests as well as supplemented their responses to the forementioned Request Nos. 31, 49, 50, 51, 52 and 79. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 143:**

Documents concerning the circumstances under which You first became aware of the existence of the '223 Patent, including documents sufficient to show

Ex. 1--0050

how You became aware of the patent, who gained knowledge of the patent, and what, if anything, You did to procure any rights under the '223 Patent.

**Response:**

Plaintiffs object to this Request as needlessly redundant and/or duplicative of previously served document request No 5.

Subject to and notwithstanding the foregoing, Plaintiffs state as follows:

- RBT0002162

Plaintiffs have previously responded to the forementioned Request as well as supplemented their responses to the forementioned Request. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 144:**

All documents relied upon by You or provided by You when Plaintiffs were preparing any written response to any interrogatory or request for admission served by Defendants in this action.

**Response:**

Plaintiffs object to this Request as needlessly redundant and/or duplicative of previously served document request No. 68.

Plaintiffs have previously responded to the forementioned Request as well as

Ex. 1--0051

supplemented their responses to the forementioned Request. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 145:**

All documents you intend to rely upon, use, or proffer in any pleading or at trial, any deposition and/or any hearing in this action.

**Response:**

Plaintiffs object to this Request as needlessly redundant and/or duplicative of previously served document request Nos, 67, 68, 69, 70, and 71.

Plaintiffs have previously responded to the forementioned Requests as well as supplemented their responses to the forementioned Request Nos. 67, 68, 69, 70 and 71. Plaintiffs will continue to search for responsive documents and shall supplement their responses to this Request to the extent documents or things are made available to Plaintiffs hereafter.

**Request No. 146:**

All documents and things You intend to rely upon or that You provided for use in the claim construction of the '223 Patent.

**Response:**

Plaintiffs state as follows:

Ex. 1--0052

Plaintiffs' claim construction filings can be found on the Court's public docket, entry numbers: 94; 117; 170.

**Request No. 147:**

All text messages, instant messages, messaging apps, or other "chat" style discussions, forums, logs, and/or communications exchanged between Rare Breed LLC personnel, ABC IP LLC personnel, and/or XYZ Disturbution [sic] LLC personnel, and/or within Rare Bred, ABC, or XYZ relating to or concerning Defendants, Defendants' products, the WOT, forced reset triggers, this Litigation, or the '223 Patent.

**Response:**

This Request contains document categories which have been prohibited from Discovery pursuant to the Parties' Agreement Governing the Protection and Exchange of Information, Documents, and Electronically Stored Information. *Dkt.* 116. Specifically, the Parties identified the following categories as, "not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B)…:

    a.  backup systems and/or tapes, such as those used for disaster recovery;

    b.     systems logs, server logs, and network logs;

Ex. 1--0053

c.    raw or voluminous supplier or customer data that expires or is overwritten on a set schedule and not controlled or maintained by a Party, or customer data subject to privacy restrictions or regulations;

d.    systems no longer in use that cannot be accessed without undue burden;

e.    instant messaging and chat application data;

f.    text messages;

g.    information from handsets, mobile devices, personal digital assistants, and tablets that is duplicative of information that resides in a reasonably accessible data source;

h.    deleted, slack, fragmented, or other data accessible only by forensics;

i.    random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

j.    on-line access data such as temporary internet files, history, cache, cookies, and the like;

k.    dynamic fields of databased or log files that are not retained in the usual course of business; and

l.    data in metadata fields that are frequently updated automatically, such as last opened dates.

54

**Request No. 148:**

All social media content, posts, drafts, blog entries, responses, or other material used or referenced on any social media platform including, but not limited to, Twitter ®, Facebook ®, Facebook Meta, Instagram ®, Reddit, LinkedIn ®, or any other online social platform relating to Defendants, Defendants' products, Plaintiffs, Plaintiffs' products, the WOT, forced reset triggers, this Litigation, or the '223 Patent.

**Response:**

Plaintiffs object to the phrase "social media content, posts, drafts, blog entries, responses, or other material" as overly broad and unduly burdensome. Plaintiffs object to this request as overly broad, unduly burdensome, and not relevant to any party's claim or defense as it requests discovery related to "Defendants," "Defendants' products," "Plaintiffs," "Plaintiffs' products," forced reset triggers," and "this Litigation," rather than the only accused instrumentality in this case (the WOT) and the patent-in-suit (the '223 Patent). Plaintiffs further object to the request as overly broad, unduly burdensome, and not relevant to any party's claim or defense as it requests discovery related to "forced reset triggers" and Defendants have purported to construe that term in a manner untethered from the asserted claims of the '223 Patent, the specification of the '223 Patent, and the prosecution history of the '223

55

Ex. 1--0055

Patent (e.g., direct, physical contact between the hammer and the bolt carrier and/or direct physical contact between the bolt carrier and the locking bar). Plaintiffs further object to the requested discovery as overly broad, unduly burdensome, and not proportional to the needs of the case as it has no importance in resolving the issues in the case and the burden and expense of attempting to apply a description of "forced reset trigger" that is contrary to the clear and unambiguous claim language outweighs any likely benefit of such discovery. Plaintiffs further object to the request to the extent the documents are publicly available.

Date:  September 6, 2022                    Respectfully submitted,

**RARE  BREED  TRIGGERS,  LLC  AND ABC IP, LLC**

s*/Glenn D. Bellamy/*
Glenn D. Bellamy, Esq. (*Pro Hac Vice*)
E-mail: gbellamy@whe-law.com
Charles D. Pfister, Esq. (*Pro Hac Vice*)
E-mail: cpfister@whe-law.com
**WOOD HERRON & EVANS LLP**
2700 Carew Tower
441 Vine Street
Cincinnati, OH 45202
Telephone: 513-241-2324
Facsimile: 513-241-6234

Ex. 1--0056

*Attorneys for Plaintiffs Rare Breed Triggers LLC and ABC IP, LLC*

Ex. 1--0057

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2022, I served the foregoing Plaintiffs' Combined Responses to Wide Open Enterprises' Second Requests for Documents on the following attorneys of record:

- Adam Floyd

- Michael Smith

*/Glenn D. Bellamy /*
Glenn D. Bellamy, Esq.
***Attorney for Plaintiffs***

Ex. 1--0058