IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RARE BREED TRIGGERS, LLC et al.,

    Plaintiffs,

v.

BIG DADDY ENTERPRISES, INC. et al.,

    Defendants.

CONSOLIDATED
CASE NO. 1:21cv149-RH-HTC

_____/

**ORDER QUASHING SOME SUBPOENAS AND
DENYING THE MOTION TO QUASH OTHERS**

The plaintiffs assert the defendants have violated the consent injunctions that terminated these actions. Discovery on that issue is ongoing. The plaintiffs have issued 35 subpoenas duces tecum to nonparties. The defendants have moved for a protective order—in effect, to quash the subpoenas.

The injunctions apply only to "the Wide Open Trigger (WOT)" and "Powered By Graves ALAMO-15 trigger." The injunctions do not apply to any other trigger. The order of October 30, 2025 settles this issue. The plaintiffs disagree, but they are not entitled to conduct discovery based on their view on this issue rather than the court's.

Case No. 1:21cv149-RH-HTC

The subpoenas go beyond the proper definition. Most seek production of documents relating to "prohibited products" and define that term to mean "the WOT Trigger, the Alamo-15 Trigger and 'any device that is, in substance, a WOT or Alamo-15.' " The internal quotation is from the October 30 order, but the subpoenas do not include a copy of that order. The definition continues by quoting part—but only part—of the October 30 order's description of what it means to be, "in substance," a WOT or Alamo-15. To a reader unfamiliar with this litigation and the entire October 30 order, the partial discussion of "in substance" may be misleading.

Much worse, though, is the subpoenas' definition of "WOT." The subpoenas define "WOT" to mean "Wide Open Trigger *or any substantially similar 2-position WOT*." E.g., ECF No. 239-7 at 6 ¶ 12 (emphasis added). The injunctions do not apply to "substantially similar 2-position" triggers. As the October 30 order explicitly noted, an earlier preliminary injunction—later vacated—*did* apply to the WOT or "substantially similar devices," but the parties chose not to include that broader provision in the consent injunctions. As the October 30 order said, "The parties, represented by attorneys well versed in patent law, surely knew the difference." ECF No. 234 at 5.

Under Federal Rule of Civil Procedure 26(b)(1), the scope of discovery, unless further limited by court order, is this:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The subpoenas that use the term "prohibited products" in the listing of documents to be produced are beyond the scope of discovery. This is so because the subpoenas seek documents related to devices not covered by the consent injunctions. This order quashes those subpoenas.

The defendants have not established that the other subpoenas are beyond the scope of discovery. This order does not quash them. But the subpoenaed persons have not been heard, and if they object to the subpoenas, further proceedings to enforce the subpoenas will properly be conducted in the districts where compliance would be required. This order does not foreclose objections by the subpoenaed persons.

Under Federal Rule of Civil Procedure 37(a)(5)(A) and (B), the court "must" order the party that loses a discovery motion or the party's attorney or both to pay the opposing party's reasonable expenses, including attorney's fees, with three exceptions. First, a moving party cannot recover expenses if the party filed the motion before attempting in good faith to resolve the issue without court action. Second, an award is improper if the losing party's position was

"substantially justified." And third, an award is improper if "other circumstances make an award of expenses unjust." Unless one of these conditions is met, an award of expenses is "mandatory." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. Unit A June 1981)). A position is "substantially justified" if it results from a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations, quotation marks, and brackets omitted); *Devaney*, 989 F.2d at 1163.

Here both sides prevailed on parts of this motion. The plaintiffs' reliance on the "substantially similar" language explicitly rejected in the October 30 order was not substantially justified. The defendants did not file the motion before attempting in good faith to resolve the issue without court action. And other circumstances do not make an award of expenses unjust. This order makes a reduced fee award in the defendants' favor—reduced, that is, to account for the defendants' inclusion in the motion of issues on which they did not prevail.

To avoid unnecessary expense in determining the amount of the fee award, this order sets an amount, subject to redetermination.

IT IS ORDERED:

1. The motion for a protective order, ECF No. 239, is granted in part.

2. The subpoenas included in the following attachments to ECF No. 239 are quashed: 7, 12, 16–22, and 24–35.

3. The subpoenas included in the following attachments to ECF No. 239 are not quashed: 1–6, 8–11, 13–15, and 23. This order does not address, and is without prejudice to, objections to these subpoenas asserted by a subpoenaed person.

4. The plaintiffs must pay the defendants $1,500 as attorney's fees. If the plaintiffs assert that is more than reasonably incurred by the defendants on the portion of this motion won by the defendants, the plaintiffs may move within 14 days to redetermine the amount, and the matter will be reconsidered de novo. Attorney's fees may be assessed against the party who loses any such motion to redetermine. The fees assessed under or based on this order must be paid by February 18, 2026 (if no motion to redetermine is filed) or within 14 days after entry of an order on any motion to redetermine.

5. The plaintiffs must promptly provide notice to each subpoenaed person on whom a subpoena that has now been quashed has been served that the subpoena has been quashed and compliance is not required.

6. The plaintiffs must promptly provide the defendants copies of any documents obtained in the past or in the future in response to any of the 35 subpoenas addressed in the defendants' motion and this order.

SO ORDERED on January 23, 2026.

                                                <u>s/Robert L. Hinkle</u>
                                                United States District Judge