IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RARE BREED TRIGGERS, LLC et al.,

    Plaintiffs,

v.

CONSOLIDATED
CASE NO. 1:21cv149-RH-HTC

BIG DADDY ENTERPRISES, INC. et al.,

    Defendants.

_____/

ORDER DENYING AS MOOT THE MOTION
TO COMPEL THE DEFENDANTS TO
RESPOND TO PRODUCTION REQUESTS
AND AWARDING ATTORNEY'S FEES

    The plaintiffs served production requests on the defendants. After 5:00 p.m. on the 30th day after service, the defendants asked for a one-week extension of the deadline to respond. *See* ECF No. 241-1 at 8. The defendants did not commit to responding, let alone producing documents, even then. *See* ECF No. 241 at 2.

    This is a post-judgment proceeding with a tight schedule. Eight days after the deadline for the defendants to respond to the production requests, the defendants still had not served responses. The plaintiffs moved to compel

responses. The defendants served responses promptly after the motion to compel was filed.

This order does not compel production of documents only because that is not what the plaintiffs' motion asks for; the motion asks only to compel responses. The motion thus is moot. If the parties have not resolved any dispute over actual production, they should be guided by the order of January 23, 2026, ECF No. 263, quashing some third-party subpoenas but not others.

Under Federal Rule of Civil Procedure 37(a)(5)(A), the party or attorney whose conduct necessitated a discovery motion "must" be ordered to pay the reasonable expenses incurred in making the motion, including attorney's fees, unless the moving party filed the motion before attempting in good faith to obtain the discovery without court action, or the opposing party's position was "substantially justified," or "other circumstances make an award of expenses unjust." Unless one of these conditions is met, an award of expenses is "mandatory." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. Unit A June 1981)). A position is "substantially justified" if it results from a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations, quotation marks, and brackets omitted); *Devaney*, 989 F.2d at 1163.

Under the circumstances of this case, an award is "mandatory," and I would make an award as a matter of discretion even if an award was not mandatory. To avoid unnecessary expense in determining the amount of the fee award, this order sets an amount, subject to redetermination. The award is modest because the motion was easy; whatever else could be said about the production requests, the defendants were obligated to respond, and the motion to compel was a sure-fire winner.

IT IS ORDERED:

1. The plaintiffs' motion, ECF No. 241, to compel responses to their production requests is denied as moot.

2. The defendants, jointly and severally, must pay the plaintiffs $600 as attorney's fees. If a party asserts this is not the amount of fees reasonably incurred by the plaintiffs on the motion to compel, the party may move within 14 days to redetermine the amount, and the matter will be reconsidered de novo. Attorney's fees may be assessed against the party who loses any such motion to redetermine. The fees assessed under or based on this order must be paid by February 19, 2026 (if no motion to redetermine is filed) or within 14 days after entry of an order on any motion to redetermine.

SO ORDERED on January 29, 2026.

                                          s/Robert L. Hinkle
                                          United States District Judge