IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RARE BREED TRIGGERS, LLC et al.,

    Plaintiffs,

v.

BIG DADDY ENTERPRISES, INC. et al.,

    Defendants.

CONSOLIDATED
CASE NO. 1:21cv149-RH-HTC

_____/

# ORDER DENYING THE MOTION TO MODIFY THE PROTECTIVE ORDER

The parties agreed to a protective order limiting use and further disclosure of information provided during discovery. The order was entered in precisely the form the parties agreed to. The defendants now are dissatisfied with the protective order's treatment of the prosecution bar attendant to production of information designated for attorney eyes only.

The protective order as written bars an attorney who receives attorney-eyes-only information from prosecuting any patent application that is "a counterpart to or related to" the '223 patent at issue in this action. ECF No. 26 at 7. The order of December 9, 2025, ECF No. 237, rejected the defendant's overly broad proposed

definition of "related to." Having lost on that issue, the defendants have moved to clarify or modify—in reality, to expand—the prosecution bar to cover patent applications not just related to the '223 patent itself but related to "the subject matter" of the '223 patent. This would be a substantially broader prosecution bar than the plaintiffs agreed to.

The motion is committed to the court's discretion. *See FTC v. AbbVie Prods. LLC*, 713 F.3d 54, 61 (11th Cir. 2013); *see also Future Link Sys., LLC v. Realtek Semiconductor Corp.*, 154 F.4th 1370, 1380–81 (Fed. Cir. 2025). Some courts have been reluctant to modify a protective order after a party has relied on it and have set a high bar for doing so. *See FDIC v. Ernst & Ernst*, 677 F.2d 230, 232 (2d Cir. 1982); *see also* 7 Robert A. Matthews, *Annotated Patent Digest* § 41:138 (Dec. 2025 update) (collecting cases). One need not go that far to conclude the current motion should be denied.

The defendants originally moved to disqualify the attorney Glenn Bellamy from continuing to represent the plaintiffs in this action because, they asserted, he had prosecuted patents in violation of the prosecution bar. The motion relied on the defendants' incorrect interpretation of the prosecution bar. Having lost the motion to disqualify, the defendants now say the prosecution bar should be clarified or modified to cover patent applications related to *the subject matter* of the '223

patent—that is, should be rewritten to mean what they incorrectly asserted it meant from the outset.

Even though the prosecution bar as now in effect does not preclude Mr. Bellamy from prosecuting patent applications related only to the subject matter of the '223 patent, that does not mean he can use attorney-eyes-only information in doing so. The protective order itself—even though not the prosecution bar—already precludes Mr. Bellamy from using attorney-eyes-only information in prosecuting applications for patents of any kind. An expanded prosecution bar would serve only the prophylactic purpose of ensuring he would not intentionally or even inadvertently or unconsciously consider attorney-eyes-only information in the prosecution of patents not now covered by the prosecution bar.

Having not asked for the expanded prosecution bar in advance, the defendants ought not now be able to prohibit Mr. Bellamy from prosecuting patent applications as allowed under the protective order as written—so long, that is, as he does not violate the order by using attorney-eyes-only information. The defendants have proffered no evidence that Mr. Bellamy has in fact improperly used attorney-eyes-only information.

Expanding the prosecution bar going forward—that is, providing that an attorney who receives attorney-eyes-only information from this point forward cannot prosecute patent applications related to the subject matter of the '223

patent—apparently would make no difference. It is unlikely that at this late date, the defendants will produce during discovery in this action additional attorney-eyes-only information, especially given the prior order allowing discovery related only to the WOT and Alamo-15. The possibility that any additional attorney-eyes-only information will be produced and improperly affect Mr. Bellamy's future prosecution of a patent application is even further afield. Absent a nonspeculative risk of future harm, I decline to modify the prosecution bar the parties agreed to.

IT IS ORDERED:

The motion, ECF No. 242, to clarify or modify the protective order, ECF No. 26, is denied.

SO ORDERED on January 29, 2026.

s/Robert L. Hinkle<br>United States District Judge