# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

| | |
|---|---|
| Rare Breed Triggers, LLC and ABC IP, LLC, | |
| *Plaintiffs*, | Case No. 1:21-cv-00149-RH-HTC |
| v. | |
| Big Daddy Enterprises, Inc., et al., | |
| *Defendants*. | |
| -and- | |
| Rare Breed Triggers, LLC and ABC IP, LLC, | |
| *Plaintiffs*, | Case No. 1:22-cv-61-RH-HTC |
| v. | |
| Big Daddy Unlimited, Inc., et al., | |
| *Defendants*. | |

**PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER REGARDING THIRD-PARTY SUBPONEA**

Plaintiffs Rare Breed Triggers, LLC and ABC IP, LLC (together, the "Plaintiffs"), respectfully move the Court for a protective order in connection with Defendants' February 20, 2026, subpoena issued to the bank (JP Morgan Chase) of non-party Joshua Baker.

## INTRODUCTION

On February 21, 2026, Defendants sent a 12:35 AM Eastern email that attached five subpoenas Defendants planned to serve on third parties. Those third parties were Joshua Baker (Exhibit A), his company Blue Hole Consulting, LLC (Exhibit B), his bank JP Morgan Chase, N.A. (Exhibit C), Daniel LaFontsee (Exhibit D), and Omar Zumot (Exhibit E).

While all five subpoenas are facially defective, this motion specifically focuses on the subpoena to non-party Joshua Baker's bank, JP Morgan Chase ("Chase Bank"). Ex. C. The subpoena to Chase Bank—as with the others—is facially defective because the time between the earliest it could have been served and the response date is less than the minimum 14 days that Rule of Civil Procedure 45 requires. Ex. C at 1. The subpoena is also targeted at the banking records of a non-party, which goes beyond the scope of Rule 26 and is irrelevant.

On January 23, 2026—in response to Defendants' motion for a protective order, ECF No. 239—this Court entered an order quashing certain subpoenas issued by Plaintiffs, ECF No. 263. When notified of Plaintiffs' intent to file this motion, counsel for Defendants implied that Plaintiffs would not have standing, and then mischaracterized the Court's January 23 order as not actually quashing any subpoenas. Of course, the Court *did* quash *certain* subpoenas in response to Defendants' motion for a protective order, and the portion of the Court's order

2

relied on by Defendants in its response to Plaintiffs' conferral email quoted from the portion of the Court's January 23 order that *did not* quash *other* subpoenas issued by Plaintiffs. *See* Certificate of Conferral, below, and Exhibit F. Based on the Court's January 23 order, Plaintiffs are on solid footing to bring this motion.

## ARGUMENT

"Plaintiff's standing to move for protective order concerning the subpoena directed at a non-party[] is a threshold consideration. Ordinarily a party does not have standing to quash a subpoena served on a third party unless the party seeks to quash based on a 'personal right or privilege with respect to the materials subpoenaed.'" *Lesniak v. Geico Gen. Ins. Co.*, No. 2:19-cv-494-FtM-60MRM, 2020 U.S. Dist. LEXIS 185124, at *8–*9 (M.D. Fla. Apr. 17, 2020) (quoting *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)). A party "has standing to seek a protective order precluding . . . irrelevant discovery from a third party or discovery that is beyond the permissible scope of Rule 26." *Aileron Inv. Mgmt. v. Am. Lending Ctr.*, No. 8:21-CV-146-MSS-AAS, 2021 U.S. Dist. LEXIS 254878, 2021 WL 7448237, at *2 (M.D. Fla. Aug. 13, 2021). Courts have denied requests for bank records served on a *party*, *Palma v. Metro PCS Wireless, Inc.*, 18 F. Supp. 3d 1346, 1349 (M.D. Fla. 2014) ("Defendant, again, has not met its threshold burden under Rule 26(b)(1)."), let alone a subpoena for financial records issued to a non-party's bank.

"Importantly, [n]on-party status is a factor courts may consider when analyzing whether a subpoena is unduly burdensome." *Castleberry v. Camden Cty.*, 331 F.R.D. 559, 563 (S.D. Ga. 2019) (internal quotation marks and citation omitted). "It is a generally accepted rule that standards for non-party discovery require a stronger showing of relevance than for party discovery." *Pinehaven Plantation Properties, LLC v. Mountcastle Family LLC*, No. 1:12-CV-62, 2013 U.S. Dist. LEXIS 178236, at *5 (M.D. Ga. Dec. 19, 2013) (internal quotation marks and citation omitted).

"The burden on the non-party is particularly great when the party issuing the subpoena seeks private information." *Id.* Thus, even if the discovery may be relevant "for impeachment purposes, the court may nonetheless limit non-party discovery when the information is available through less-intrusive avenues." *Id.* (citing *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, No. 07-22988-CV, 2008 U.S. Dist. LEXIS 49305, 2008 WL 2645680, at *5 (S.D. Fla. June 26, 2008)).

Defendants' subpoena issued to Chase Bank "seeks private information" (banking records for nonparties Joshua Baker and his company Blue Hole Consulting LLC) "for impeachment purposes" while seeking financial information from Joshua Baker and Blue Hole Consulting LLC in the subpoenas issued to them. Ex. A at Request Nos. 7, 11; Ex. B at Request Nos. 7, 11.

4

Finally, the subpoenas issued by Defendants, including the subpoena issued to Chase Bank, are facially defective because the time between the earliest they could have been served and the response date is less than the minimum 14 days that Rule 45 has been interpreted to require. "A non-party subject to a subpoena has 14 days from service to raise any objections." *Hatcher v. Precoat Metals*, 271 F.R.D. 674, 675 (N.D. Ala. 2010) (citing Fed. R. Civ. P. 45(c)(2)(B)). The "period for response to a subpoena is extended to 14 days to avoid the complex calculations associated with short time periods under Rule 6 and to allow a bit more time for such objections to be made." Fed. R. Civ. P. 45(c)(2) advisory committee's note to 1991 amendment.

Counsel for Defendants sent notice of the subpoenas on February 21, 2026, in a 12:35 AM Eastern email. When asked if these subpoenas were sent for service after that time, counsel for Defendants said they were. In other words, the absolute earliest that the subpoenas could have been served was later on February 21, 2026, which would have been 13 days before their return date of March 6, 2026. Some of the subpoenas undoubtedly were served with even less time. Accordingly, the Chase Bank subpoena is facially defective.

## **CONCLUSION**

The subpoena served on non-party Joshua Baker's bank, non-party JP Morgan Chase (Ex. C), for Mr. Baker's banking information over the past five

5

years is facially defective and outside the bounds of Rule 26—it is beyond the scope of discovery. Plaintiffs request that the Court issue a protective order as to the Chase Subpoena and/or quash it.

Dated: March 3, 2026

                                    **CONTARINO ROTH LLC**

                                  By: */s/ Josiah Contarino*
                                        Jacob William Roth (Bar No. 1036551)
                                        Josiah Contarino (admitted PHV)
                                        Contarino Roth LLC
                                        2255 Glades Road, Suite 324A
                                        Boca Raton, FL 33431
                                        561-872-6508
                                        jroth@contarinoroth.com
                                        jcontarino@contarinoroth.com

                                  **WOOD HERRON & EVANS LLP**

                                  By: */s/ Glenn D. Bellamy*
                                        Glenn D. Bellamy
                                        Wood Herron & Evans LLP
                                        600 Vine Street, Suite 2800
                                        Cincinnati. Ohio 45202
                                        gbellamy@whe-law.com

                                  *Attorneys for Plaintiffs*

## CERTIFICATE OF CONFERRAL

I certify that in emails dated March 2, 2026, I emailed counsel for Defendants about Plaintiffs' intent to file a motion for a protective order/quash, expressing that the same information is being sought from Mr. Baker himself,

6

asking if we could speak on the issue (meet and confer), and asking whether the motion would be opposed. Even though Defendants recently filed a similar motion, counsel for Defendants said Defendants would oppose the motion apparently based on a standing argument and this non-sequitur: "As the Court observed in ECF 263, 'This order does not quash them. But the subpoenaed persons have not been heard, and if they object to the subpoenas, further proceedings to enforce the subpoenas will properly be conducted in the districts where compliance would be required.'" See Ex. F.

## LOCAL RULE 7.1(F) CERTIFICATION

Undersigned counsel for Plaintiff RBT certifies that this memorandum complies with Local Rule 7.1(F) because it contains 1004 words, excluding those portions exempted by the rule.

/s/ Josiah Contarino<br>
Josiah Contarino

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.1(F)(1), with respect to Defendants, this filing and its attendant papers are being served through an electronic filing system and will be received by an attorney listed as representing Defendants

/s/ Josiah Contarino<br>
Josiah Contarino