**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

**RARE BREED TRIGGERS, et al.**
**Plaintiffs.**

**-vs-** CASE NO. 1:21-cv-149-RH-GRJ

**BIG DADDY ENTERPRISES, et al.**
**Defendants.**

---

**ANDREW MYERS'**
**RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' SUBPOENA PURSUANT TO RULE 45**

---

**TO: Plaintiffs Rare Breed Triggers LLC and ABC IP LLC, by and through their attorney of record, Josiah Contarino, of Dhillon Law Group Inc., located at 50 Park Place, Suite 1105 Newark, NJ 07102.**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Malcolm Brown serves the following objections and responses to Plaintiffs' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action.

Respectfully submitted,

s/ *Michael J. Smith*
Michael J. Smith
Texas Bar No. 24037517
**THE FOWLER LAW FIRM P.C.**
3301 Northland Drive, Suite 101
Austin, Texas 78731
Tel. No.: (512) 441-1411
Email: msmith@thefowlerlawfirm.com
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was sent to Plaintiffs' counsel of record on the 11th day of December 2025 as indicated:

**Via Email**: jcontarino@dhillonlaw.com
Josiah Contarino
**Dhillon Law Group – Newark NJ**
50 Park Place
Suite 1105
Newark, NJ 07102
P: (917) 423-7221
ATTORNEY FOR PLAINTIFFS

## GENERAL OBJECTIONS

1. These objections apply to each and every request and are incorporated into each of the Responses and Objections below.

2. Andrew Myers ("Respondent") objects to the "Instructions" section of the Requests, to the extent they require anything in addition to what it contemplated under the Federal Rules of Civil Procedure.

3. Respondent objects to Plaintiffs' Rule 45 Subpoena as facially defective. Rule 45(c)(2)(A) allows requested documents to be produced within 100 miles of where the person resides, is employed, or regularly transacts business in person. Here, the subpoenas demand the documents to be produced at the law offices of Dhillon Law Group in Newark, NJ. The recipients of the subpoenas are in California, far outside of the 100-mile range of Dhillon Law Group's Newark office. The fact that the documents "may" be produced electronically do not change the requirement of Rule 45, especially where, as here, respondent intends to quash or modify the subpoena. Because the subpoena designates an impermissible place of compliance, it is void, unenforceable, and exceeds the court's territorial.

4. While a protective order is currently in place, it is insufficient to protect Respondent's confidential information, particularly in light of repeated prior violations by Plaintiffs' counsel, Glenn Bellamy, including the recent prosecution of a patent directly related to this case. Respondent has a substantial interest in ensuring sensitive and proprietary information is not misused, and the subpoena fails to provide adequate protections.

5. Respondent generally objects to Plaintiffs' definition of "Prohibited Products" as used throughout the Subpoena as vague and ambiguous such that Respondent cannot reasonably determine what items, materials, components, documents, or communications fall within its scope. The N.D. Florida Court ruled that Atrius FRT, 3-position WOT, and Selektor devices are not substantively identical and fall outside the proper scope of discovery. Dkt. 234 at 6. Plaintiffs are aware of Respondent's products. If it thinks any of those products fall within its definition of "Prohibited Products" it should identify them. The definition lacks any objective standards, requires technical and legal conclusions from a non-party, and extends the term far beyond the WOT and Alamo-15 triggers that were the only products at issue in the contempt action. Plaintiffs appear to be attempting discovery relating to products that belong solely to the stayed action *entitled Rare Breed Triggers, Inc. v. Big Daddy Enterprises, et al., No. 1:25-cv-181-RH-MAF* (henceforth "the '181 case).

s

**RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS**

**Request No. 1**: *All Documents and all Communications between You and any of Defendants or Third Parties or any of their Associates since January 1, 2020, relating in any way to the Prohibited Products, including but not limited to their design, manufacture, marketing, distribution, sale, shipping, branding, rebranding, or any effort at concealment or avoiding detection, enforcement, or liability in connection with the Prohibited Products.*

**Response**: Respondent objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the Request as written is facially overbroad because it (1) contains no reasonable subject-matter, or custodial limitations; (2) demands wholesale production of every communication with any "Defendant," "Third Party," or "Associate" regarding any aspect of design, manufacture, marketing, sale, shipping, branding, or "any effort at concealment"; and (3) uses vague, unbounded phrases such as "relating in any way," "any effort at concealment," and "avoiding detection," which fail to describe with reasonable particularity the materials sought. Such unlimited scope imposes an undue burden on a non-party and violates Fed. R. Civ. P. 45(d)(1) and 26(b)(1).

Respondent further objects to this request to the extent it calls for a legal conclusion as it pertains to any of the Defendants' "effort at concealment" of "liability" in designing manufacturing, marketing, or distributing any "Prohibited Product."

Respondent further objects to this Request as irrelevant and not calculated at discovering admissible evidence. The subject Request—targeting a half-decade of communications about design, manufacturing, marketing, branding, rebranding, or "any effort at concealment" of the Prohibited Products—is a thinly veiled attempt at circumventing the FAA stay in the later-filed 1:25-cv-181 action. The Request seeks discovery about subjects—including design iterations, marketing strategies, rebranding, and alleged "concealment" efforts—that go to issues in the new breach-of-contract/tort case, not issues in the present infringement case for which discovery was reopened on a limited basis. As framed, the Request is not tethered to any properly discoverable matter here.

**Request No. 2**: *All Documents and all Communications between You and any of the Defendants or Third Parties or any of their Associates since January 1, 2020, relating to any agreement, contract, or understanding—formal or informal—concerning the design, sourcing, marketing, sale, or shipment of any Prohibited Product.*

**Response:** Respondent objects to this Request as irrelevant and not calculated at discovering admissible evidence. The subject Request—targeting a half-decade of agreements, contracts, or "understandings"—is a thinly veiled attempt at circumventing the FAA stay in the later-filed 1:25-cv-181 action. The Request seeks discovery about subjects that go to issues in the '181 action, not issues in the present infringement case for which discovery was reopened on a limited basis.

Respondent further objects to this Request as vague and ambiguous as it fails to define the term "understandings," making it unclear as to what information is being sought.

**Request No. 3:** *All Documents and all Communications between You and any of Defendants or Third Parties or any of their Associates since January 1, 2020, relating to any statement made—whether written, oral, or otherwise memorialized—concerning their intent, strategy, or rationale in designing, manufacturing, marketing, or distributing any Prohibited Product.*

**Response:** Respondent objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Request seeks all documents and communications over a five-year period related to any "intent," "strategy," or "rationale" of any Defendant, Third Party, or "Associate"—categories that are not defined with any specificity. The Request contains no reasonable subject-matter, temporal, or custodial limitations and demands disclosure of subjective mental impressions that a non-party cannot reasonably identify or compile. This imposes an undue burden on a non-party in violation of Fed. R. Civ. P. 45(d)(1) and exceeds the permissible scope of discovery under Rule 26(b)(1).

Respondent further objects to this request to the extent it calls for a legal conclusion as it pertains to any of the Defendants' "intent" in designing manufacturing, marketing, or distributing any "Prohibited Product."

Respondent also objects to this request to the extent it asks the responding party to predict actions or thoughts of another individual, which is not proper for discovery.

**Request No. 4:** *All Documents and all Communications between You and any of Defendants or Third Parties or any of their Associates since January 1, 2020, relating to any knowledge You have, or believe You have, regarding the identities of individuals or entities involved in the design, manufacture, sale, or shipment of any Prohibited Product, including any aliases, shell companies, or affiliated entities.*

**Response:** Respondent objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, as written the Request makes a sweeping demand for "all documents and all communications" between Respondent and any Third Parties regarding the identifies of individuals or entities involved in the design, manufacture, sale, or shipment of "Prohibited Products." Such requests are directed at products or communications not made or associated with any of the Defendants in this case, but presumably relate to defendants in Rare Breed's numerous on-going patent litigations.

**Request No. 5:** *All documents, including internal notes or memoranda, relating to Your involvement in or knowledge of the design, manufacture, marketing, distribution, sale, shipping, branding, rebranding of any Prohibited Product by any of the Defendants or Third Parties or their Associates, or any of their efforts at concealment or avoiding detection, enforcement, or liability in connection with Prohibited Products.*

Respondent objects to this Request because it is duplicative of prior Requests that already seek "all documents and communications" relating to design, manufacture, marketing, branding, alleged concealment efforts, and other broad subject areas. To the extent the Request seeks the same categories of documents already sought in Requests 1–3, it is unnecessarily cumulative, imposes an undue burden on a non-party, and violates Fed. R. Civ. P. 45(d)(1).

Respondent further objects because the Request impermissibly calls for legal and technical conclusions, requiring him to determine and characterize "involvement," "knowledge," "concealment," "avoiding detection," and "liability in connection with Prohibited Products." Respondent is not required to draw legal conclusions, identify alleged "efforts at concealment," or classify documents according to Plaintiff's litigation theories.

Respondent also objects because the Request seeks information irrelevant to the limited purpose for which discovery was reopened in this contempt action. The sweeping demand for internal notes, memoranda, and other materials relating to knowledge or alleged involvement in product development, marketing, or "concealment" pertains exclusively to the merits of the later-filed '181 case. This Request is a transparent attempt to obtain stayed merits discovery from the '181 case through a subpoena in a separate proceeding.

**Request No. 6:** *All Documents and all Communications between You and any of Defendants or Third Parties or any of their Associates since January 1, 2020, relating to Your knowledge of Settlement Agreement or the Permanent Injunction.*

**Response:** Respondent objects on the basis that this Request seeks information irrelevant to the limited purpose for which the Court reopened discovery in this contempt action. A non-party's internal communications or discussions with Third Parties regarding his "knowledge" of the Settlement Agreement or Permanent Injunction have no bearing on enforcement issues in this case. To the extent Plaintiff seeks such information to develop its claims in the later-filed '181 case, the Request is an improper attempt to obtain stayed merits discovery through a Rule 45 subpoena in a separate matter. Discovery pertaining to the '181 case, which is a breach of contract case, is outside the scope of the present patent infringement case. *Suarez*, 2019 U.S. Dist. LEXIS 248626, at *2; *see also Spectrum Brands Inc.,* 2025 U.S. Dist. LEXIS 190855, at *2.

**Request No. 7:** *All Documents and all Communications between You and any of Defendants or Third Parties or any of their Associates since January 1, 2020, relating in any way to financial transactions between You or Delta 7, or any business belonging to, or managed by, or otherwise controlled by You, and any of Defendants, Christopher Rios, Performance Triggers, Inc., Delta 7 LLC, C&C Holdings Group LLC, Malcolm Brown, Lea Andreoli, or Atrius Development Group Corp.*

**Response:** Respondent objects on the basis that this Request seeks information irrelevant to the limited purpose for which discovery was reopened in this contempt action. Financial transactions involving Respondent, Delta 7, or any business entity associated with them have no

bearing on the enforcement issues in the underlying WOT/Alamo-15 contempt cases. Instead, the Request plainly targets subject matter that relates exclusively to the allegations in the later-filed '181 case, including Plaintiff's theories regarding the Super Safety kit and alleged financial connections among its accused parties. Plaintiff is attempting to circumvent the FAA stay in the '181 case by using a Rule 45 subpoena in a separate proceeding to obtain merits discovery it cannot pursue there. *Suarez*, 2019 U.S. Dist. LEXIS 248626, at *2; *see also Spectrum Brands Inc.,* 2025 U.S. Dist. LEXIS 190855, at *2.

**Request No. 8:** *All Documents and all Communications between You and any of Defendants or Third Parties or any of their Associates since January 1, 2020, relating in any way to wotar15.com, beararmsoutfitters.com, mid-tierdefense.com, or any other website that You or any business you own, manage, direct, or work for, has ever operated, owned, controlled, managed, designed, or set up.*

**Response:** Respondent objects to this Request as duplicative of the prior Requests that already seek all documents and communications relating to the design, manufacture, marketing, branding, sale, shipment, and alleged concealment of any purported "Prohibited Product." This Request merely restates those earlier demands and is therefore cumulative and unnecessarily burdensome in violation of Fed. R. Civ. P. 45(d)(1).

Respondent also objects on the basis that this Request seeks information irrelevant to the limited purpose for which discovery was reopened in this contempt action. Communications involving Respondent and any Defendant or Third Party relating to relating in any way to wotar15.com, beararmsoutfitters.com, mid-tierdefense.com, or any other website that You or any business you own, manage, direct, or work for, has ever operated, owned, controlled, managed, designed, or set up, have no bearing on the enforcement issues in the underlying WOT/Alamo-15 contempt cases. Instead, the Request plainly targets subject matter that relates exclusively to the allegations in the later-filed '181 case, including Plaintiff's theories regarding the Super Safety kit and alleged financial connections among its accused parties. Plaintiff is attempting to circumvent the FAA stay in the '181 case by using a Rule 45 subpoena in a separate proceeding to obtain merits discovery it cannot pursue there.

**Request No. 9:** *All Documents and all Communications between You and any of Defendants or Third Parties or any of their Associates since January 1, 2020, relating in any way to Delta 7's relocation of its company address to Gainesville, Florida.*

**Response:** Respondent objects to this Request on the basis that it seeks information irrelevant to the narrow issues for which the Court reopened discovery in this contempt action. Communications between Respondent and unidentified Third Parties regarding Delta 7's relocation are not tied to the limited enforcement-related purpose of the reopened proceedings. Instead, this Request appears aimed at developing factual theories for the later-filed '181 case. Plaintiff may not use a Rule 45 subpoena in this action to circumvent the FAA stay in the '181 case

or to obtain merits discovery that is unavailable to it there. *Suarez*, 2019 U.S. Dist. LEXIS 248626, at *2; *see also Spectrum Brands Inc.,* 2025 U.S. Dist. LEXIS 190855, at *2.

**Request No. 10:** *All Documents and all Communications between You and any of Defendants or Third Parties or any of their Associates since January 1, 2020, identifying or relating in any way to the materials, parts, components, packaging, shipping labels, or product names used or intended to be used in connection with any Prohibited Product.*

**Response:** Respondent objects to this Request as duplicative of the prior Requests that already seek all documents and communications relating to the design, manufacture, marketing, branding, sale, shipment, and alleged concealment of any purported "Prohibited Product." This Request merely restates those earlier demands and is therefore cumulative and unnecessarily burdensome in violation of Fed. R. Civ. P. 45(d)(1).

Respondent also objects on the basis that this Request seeks information irrelevant to the limited purpose for which discovery was reopened in this contempt action. Communications involving Respondent and any Defendant or Third Party relating to materials, packaging, shipping labels, and product names, have no bearing on the enforcement issues in the underlying WOT/Alamo-15 contempt cases. Instead, the Request plainly targets subject matter that relates exclusively to the allegations in the later-filed '181 case, including Plaintiff's theories regarding the Super Safety kit and alleged financial connections among its accused parties. Plaintiff is attempting to circumvent the FAA stay in the '181 case by using a Rule 45 subpoena in a separate proceeding to obtain merits discovery it cannot pursue there.

**Request No. 11:** *All Documents and all Communications between You and any of Defendants or Third Parties or any of their Associates since January 1, 2020, identifying or relating in any way to the Permanent Injunction.*

**Response:** Respondent objects to this Request on the basis that it seeks information irrelevant to the narrow issues for which the Court reopened discovery in this contempt action. Communications between Respondent and unidentified Third Parties regarding the Permanent Injunction are not tied to the limited enforcement-related purpose of the reopened proceedings. Instead, this Request appears aimed at developing factual theories for the later-filed '181 case. Plaintiff may not use a Rule 45 subpoena in this action to circumvent the FAA stay in the '181 case or to obtain merits discovery that is unavailable to it there. *Suarez*, 2019 U.S. Dist. LEXIS 248626, at *2; *see also Spectrum Brands Inc.,* 2025 U.S. Dist. LEXIS 190855, at *2.