**jcontarino@contarinoroth.com**

| | |
|---|---|
| **From:** | Adam Floyd <AFloyd@floydip.com> |
| **Sent:** | Tuesday, September 16, 2025 11:38 AM |
| **To:** | Michael Smith |
| **Cc:** | Josiah Contarino (Dhillon Law); Jacob Roth (Dhillon Law); Anthony Fusaro (Dhillon Law); DPR |
| **Subject:** | Re: RB v BDU - Contempt Cases |

**External Email**

Josiah,

Atrius would like to know if you intend to include any of its triggers (Atrius ART or Super Selektor) in the contempt hearing, so we can determine whether we should appear.

Best,
Adam

On Tue, Sep 16, 2025 at 9:43 AM Michael Smith <MSmith@thefowlerlawfirm.com> wrote:

Josiah – Further to the hearing this morning, I want to make sure I understand your position.

In reading Plaintiff's contempt motion that Plaintiff is claiming sales of triggers other than the WOT and Alamo-15 would violate the Consent Judgment. In fact, Plaintiff specifically asserts that the Atrius FRT and 3-Position WOT both infringe the '223 Patent.

The Consent Judgment specifically states that my clients are "PERMANENTLY ENJOINED during the unexpired term of the '223 Patent from making or causing to be made, using or causing to be

used, importing, offering for sale, or selling either directly, contributorily or by inducement in the United States any Infringing Products." Page 6, para. 1. And "Infringing Products" are defined as "forced reset triggers (i.e., the Wide Open Trigger (WOT) and/or Powered By Graves ALAMO- l 5 trigger) which are covered by one or more claims of the '223 Patent (the "Infringing Products")." Page 4, para. 10. The term "i.e." is Latin *id est*, or "that is" which is used to clarify or further define a prior statement or term.

Based on the plain meaning, the Consent Judgment is limited specifically to the WOT and Alamo-15 and would not include any other trigger.

Is it your position that the Consent Judgment covers any triggers or devices beyond the WOT and Alamo-15? If so, what is the basis for that position? Because if you are claiming other triggers are covered by the Consent Judgment, then, as part of these contempt proceedings, the Court will have to undertake a full patent

infringement analysis to determine whether any particular trigger falls under the claims of the '223 patent. This is something that will likely already be necessary during the arbitration. Additionally, the Court made clear that it believes the contempt proceeding will likely only need very limited discovery, i.e. sales of WOTs and Alamo-15s. Again, if you are asserting that other triggers fall within the scope of the consent judgment, then much more discovery will be necessary in order to litigate the patent infringement prior to determining contempt.

Please let me know what Plaintiff's position is specifically with regard to the contempt proceeding. Specifically, what triggers are you contending were sold in violation of the Consent Judgment?

Thanks,

**MICHAEL J. SMITH**

**Chief of Civil Litigation and IP**

**THE FOWLER LAW FIRM**

3301 Northland Dr., Suite 101

Austin, Texas 78731

Office: 512-441-1411

Direct: 512-476-8102

Fax: 512-469-2975

Email: msmith@thefowlerlawfirm.com

http://www.thefowlerlawfirm.com

Follow us on Facebook

E-MAIL CONFIDENTIALITY NOTICE: This transmission may be: (1) subject to the Attorney-Client Privilege, or (2) an attorney work product, or (3) strictly confidential, or (4) any combination of the above. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message. Unauthorized interception of this e-mail may violate federal criminal law.

--

Adam V. Floyd
Floyd IP
512.497.7500
3203 Bluffs Lane
Parker, Texas 75002

*This is a transmission from the law firm of Floyd IP and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee or have received this message in error, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at 512.497.7500.*