**FILED UNDER SEAL – HIGHLY CONFIDENTIAL**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE**

Rare Breed Triggers, LLC and ABC IP, LLC,

*Plaintiffs,*

v.

Big Daddy Enterprises, Inc., et al.,

*Defendants.*

-and-

Rare Breed Triggers, LLC and ABC IP, LLC,

*Plaintiffs,*

v.

Big Daddy Unlimited, Inc., et al.,

*Defendants.*

Case No. 1:21-cv-00149-RH-HTC
(Lead Case)

Case No. 1:22-cv-00061-RH-HTC
(Member Case)

**HEARING REQUESTED**

**FILED UNDER SEAL**

**NON-PARTY ATRIUS DEVELOPMENT GROUP CORPORATION, INC.'S EMERGENCY MOTION TO INTERVENE FOR A LIMITED PURPOSE AND EMERGENCY MOTION TO SEAL**

**EXPEDITED CONSIDERATION REQUESTED UNDER N.D. FLA. LOCAL RULE 7.1(L)**

## PRELIMINARY STATEMENT AND EMERGENCY RELIEF REQUESTED

Non-party Atrius Development Group Corporation, Inc. ("Atrius") seeks immediate and temporary relief preserving the status quo while the Court adjudicates a concrete dispute between Plaintiffs and non-party Atrius concerning the applicability of attorney work product, waiver, and Plaintiffs' asserted crime-fraud exception to Plaintiffs' publicly filed Motion for Sanctions, ECF No. 330, filed on August 14, 2026. Plaintiffs' motion quotes and characterizes non-public

communications authored by Atrius's counsel, which Plaintiff attached to its publicly filed motion as non-sealed public exhibits, ECF Nos. 330-1 through 330-9 and portions of ECF No. 330-19. Atrius asserts that each of these exhibits to Plaintiffs' motion is clearly protected by the common interest privilege doctrine and by the attorney work product doctrine, and that Plaintiffs should not have possession of these documents.

Atrius respectfully requests that the Court immediately and temporarily restrict public access to ECF Nos. 330, 330-1 through 330-9, and 330-19 pending expedited review. Atrius does not ask the Court, on an emergency basis, to adjudicate Plaintiffs' sanctions allegations, suppress underlying facts, or foreclose Plaintiffs' waiver or crime-fraud arguments. Atrius asks only that the Court—and not Plaintiffs through unilateral public disclosure—determine whether and to what extent the identified materials are protected.

[redacted]

**FILED UNDER SEAL – HIGHLY CONFIDENTIAL**

[redacted]

[redacted] [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

---

[redacted]

**FILED UNDER SEAL – HIGHLY CONFIDENTIAL**

[redacted]

[redacted]

---

[redacted]

**FILED UNDER SEAL – HIGHLY CONFIDENTIAL**

[redacted]

[redacted]

[redacted]

[redacted] [redacted]

[redacted]

[redacted]

[redacted]

---

[redacted]

**FILED UNDER SEAL – HIGHLY CONFIDENTIAL**

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted] [redacted]

[redacted]

**FILED UNDER SEAL – HIGHLY CONFIDENTIAL**

[redacted]

[redacted] [redacted]

[redacted]

[redacted]

**FILED UNDER SEAL – HIGHLY CONFIDENTIAL**

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

FILED UNDER SEAL – HIGHLY CONFIDENTIAL

[redacted]

[redacted]

[redacted]

[redacted] [redacted]

[redacted]

**FILED UNDER SEAL – HIGHLY CONFIDENTIAL**

[redacted]

[redacted]

[redacted] [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted] [redacted]

[redacted]

[redacted]

- [redacted] [redacted]
- [redacted] [redacted]
- [redacted] [redacted]
- [redacted] [redacted]

[redacted]

[redacted]

Plaintiffs' counsel has repeatedly refused Atrius's requests to remove the unauthorized materials from the public docket. Atrius's August 14th letter reiterated the demand for immediate sequestration and warned that Atrius would seek judicial relief if the matter were not resolved. Plaintiffs' August 18 response expressly refused to withdraw ECF No. 330 or any of its exhibits and stated that Plaintiffs would continue using the materials. Ex. D at 1–2, 7. Plaintiffs have given no indication they intend to comply. Moreover, this Court should exercise its authority to seal Plaintiffs' motion for sanctions from the public record.

## III. Conclusion

For the foregoing reasons, Atrius Development Group Corporation, Inc. respectfully requests that the Court grant its Motion to Intervene for the limited purpose of protecting its attorney work-product and related confidentiality interests; order the immediate sealing of ECF No. 330 and all associated exhibits pending resolution of the privilege dispute; and prohibit Plaintiffs and their counsel from filing, disclosing, or otherwise disseminating any additional privileged or work-product-protected materials of Atrius or its counsel in this or any other proceeding without prior authorization of this Court.

DATED: August 20, 2026

**MCKOOL SMITH, P.C.**

Ryan McBeth **pro hac in process**
Texas Bar No. 24078955
rmcbeth@McKoolSmith.com
Elliott Clay **pro hac in process**
Texas Bar No. 24148889
eclay@McKoolSmith.com
**MCKOOL SMITH P.C.**
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300

Edward K. Chin **pro hac in process**
Texas State Bar No. 50511688
echin@McKoolSmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000

**REINER & REINER, P.A.**
*Local Counsel for Movants*
9100 South Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com;
eservice@reinerslaw.com

By: ______________________________
**DAVID P. REINER, II, ESQ.**; FBN 416400

ATTORNEYS FOR NON-PARTY
ATRIUS DEVELOPMENT GROUP
CORPORATION, INC.

## LOCAL RULE 7.1(B)–(C) CERTIFICATE

Counsel for Atrius certifies that on August 19, 2026, counsel conferred by videoconference with counsel for Plaintiffs regarding the specific relief requested in this motion. The conference lasted approximately 30 minutes and included David P. Reiner, II, Ryan McBeth, Elliott Clay, Edward Chin, and Brandon Merrill for Atrius and Oliver Richards, Matt Colvin, Bret Winterle, Josiah Contarino, and Glenn Bellamy for Plaintiffs. The parties were unable to reach a resolution, and an impasse remains.

## LOCAL RULE 7.1(F) CERTIFICATE

Counsel certifies that this memorandum contains 3,701 words, as calculated by the word-processing system used to prepare it.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on August 20, 2026.

Respectfully submitted,

By: ______________________________
**DAVID P. REINER, II, ESQ.**; FBN 416400