**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE**

Rare Breed Triggers, LLC and ABC IP, LLC,

*Plaintiffs,*

v.

Big Daddy Enterprises, Inc., et al.,

*Defendants.*

-and-

Rare Breed Triggers, LLC and ABC IP, LLC,

*Plaintiffs,*

v.

Big Daddy Unlimited, Inc., et al.,

*Defendants.*

Case No. 1:21-cv-00149-RH-HTC
(Lead Case)

Case No. 1:22-cv-00061-RH-HTC
(Member Case)

**NON-PARTY ADAM V. FLOYD'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR SANCTIONS AND PLAINTIFFS' MOTION FOR SHOW CAUSE**

FILED USDC FLND GV
AUG 26 '26 PM2:13

Non-party Adam V. Floyd ("Floyd"), appearing pursuant to and consistent with his Notice of Limited Appearance filed contemporaneously herewith, [1] respectfully moves under Federal Rule of Civil Procedure 6(b)(1)(A) for an extension of time to respond to Plaintiffs' Motion for Sanctions Against Adam V. Floyd, to Revoke His Pro Hac Vice Admission, and for an Order to Show Cause (ECF No. 330) (the "Sanctions Motion") and Plaintiffs' Motion for Show Cause Order (ECF No. 337) (the "Show Cause Motion"). Floyd expressly reserves all objections to the Court's authority to grant the relief requested in the Sanctions Motion, Show Cause Motion, and all other procedural and substantive defenses. In support, Floyd states as follows:

## I. INTRODUCTION

Plaintiffs filed their Sanctions Motion on August 14, 2026. Under Northern District of Florida Local Rule 7.1(E), Floyd's response is currently due August 28, 2026. The Sanctions Motion seeks severe relief against Floyd personally, including revocation of his *pro hac vice* admission, an interim prohibition on his practice in these consolidated cases, attorneys' fees, and referral to disciplinary authorities. The motion is 35 pages and supported by 19 exhibits.

---

[1] Mr. Floyd disputes that he was properly served with the two motions in his personal capacity and disputes that he has entered any appearance in the reopened contempt proceeding. Nothing in this motion should be construed as a waiver of any objection preserved in the Notice of Limited Appearance or otherwise available to him.

The Show Cause Motion was filed on August 21, 2026, with Floyd's response currently due September 4, 2026. Like the Sanctions Motion, the Show Cause Motion also seeks extreme relief asking the Court to hold Floyd in contempt of court for violating a protective order.

The exhibits and communications on which the Sanctions Motion relies are also the subject of Nonparty Atrius Development Group Corporation, Inc.'s Emergency Motion to Intervene for a Limited Purpose and Emergency Motion to Seal (ECF No. 332) (the "Atrius Motion"). That motion asks the Court, among other things, to determine whether materials underlying the Sanctions Motion are protected work product and whether Plaintiffs may use or further disseminate them. The Court's resolution of those threshold issues may materially affect the permissible scope of the parties' briefing on the Sanctions Motion.

Floyd respectfully requests that his deadline to respond be extended until seven (7) business days after the Court rules on Non-Party Atrius Development Group Corporation, Inc.'s Emergency Motion to Intervene for a Limited Purpose and Emergency Motion to Seal (ECF No. 332) ("Atrius Motion"), including all relief sought therein. The requested extension is made before the current deadline, will permit orderly and nonduplicative briefing, and will not prejudice Plaintiffs. In the alternative, and so that the two deadlines do not remain staggered by a full week,

Floyd requests that both deadlines instead be extended to a common date of September 11, 2026.

## II. BACKGROUND

On August 14, 2026, Plaintiffs filed the Sanctions Motion directed at Floyd personally. ECF No. 330. Plaintiffs did not meaningfully comply with the meet-and-confer requirement of Northern District of Florida Local Rule 7.1(B) before filing. Plaintiffs' own certification reflects that they emailed Floyd and Defendants' counsel notice of their intent to file this motion on the afternoon of August 13, 2026. ECF No. 330 at 34. At that time, Floyd was investigating the allegations and coordinating a response when Plaintiffs filed. *See* ECF No. 332-1 at 5 n.2. Plaintiffs thus afforded Floyd no meaningful opportunity to confer before filing a 35-page motion seeking severe personal sanctions against him. Indeed, Plaintiffs filed the Sanctions Motion during the same time Atrius's counsel was actively corresponding with Plaintiffs' counsel regarding the privileged and work-product protected status of the very materials Plaintiffs used as the basis of their motion. This conferral process had been ongoing since Atrius's August 7, 2026 notice letter. *See* ECF No. 332-1 at 3-5.

On August 20, 2026, Atrius filed the Atrius Motion, seeking emergency intervention, temporary sealing of ECF No. 330 and its exhibits, and an order prohibiting Plaintiffs and their counsel from filing, disclosing, or otherwise

disseminating any additional privileged or work-product-protected material of Atrius or its counsel in this or any other proceeding without prior authorization of the Court. ECF No. 332. The Atrius Motion is premised on the ground that those materials constitute attorney work product prepared by Floyd for Atrius, exchanged under a written joint-defense agreement, and disclosed by Plaintiffs without authorization. The Atrius Motion thus raises threshold questions concerning the applicability of the work-product doctrine, waiver, the common interest doctrine, the parties' written joint defense agreement, and Plaintiffs' asserted crime-fraud exception to the very documents on which the Sanctions Motion relies.

Plaintiffs filed a Preliminary Response (ECF No. 336) stating that they do not oppose Atrius's limited intervention or the emergency request for temporary restriction of public access to ECF No. 330 and its exhibits pending the Court's adjudication. ECF No. 336 at 1-2. However, Plaintiffs have yet to file the substantive opposition to the Atrius Motion.

On Friday, August 21, 2026, Floyd emailed Plaintiffs' counsel requesting consent to an extension tied to the Court's ruling on the Atrius Motion. Floyd further requested that, if Plaintiffs would not agree by a certain time on August 24, 2026 (the following Monday), Plaintiffs provide a time for a telephonic meet-and-confer. Plaintiffs did not agree to the present extension request and failed to provide a meet-and-confer time. Instead, Plaintiffs' counsel responded by conditioning any

extension on a stay of an unrelated deposition in a pending arbitration proceeding—a proposal unrelated to the present motion and unacceptable.

## III. GOOD CAUSE EXISTS FOR AN EXTENSION

Under Federal Rule of Civil Procedure 6(b)(1)(A), a court may extend any deadline "for good cause" when the request is made before the original deadline expires. This is a "non-rigorous standard," and a timely application for extension "normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." 4B Wright & Miller, Federal Practice & Procedure § 1165 (4th ed.); *see also* Fed. R. Civ. P. 6(b)(1)(A). Good cause supports the requested extension for three independent reasons.

### A. The Court's Resolution of the Atrius Motion May Materially Affect the Scope of Floyd's Response.

The Atrius Motion directly concerns the exhibits and communications on which the Sanctions Motion is premised. The Court's ruling may determine whether, and to what extent, the disputed exhibits may be reviewed, quoted, filed, otherwise used, or relied upon in connection with the Sanctions Motion, and may materially narrow the issues requiring a response. *See* ECF No. 332-1 at 1-2. A brief extension tied to the Court's ruling avoids unnecessary briefing and conserves the parties' and the Court's resources. *See F.D.I.C. v. Harry Brown & Co., LLC*, No. 2:13-cv-350-WHA, 2014 WL 7336867 (M.D. Ala. Dec. 22, 2014) (granting motion to seal and setting briefing schedule on pending summary judgment motion by separate order,

effectively sequencing the resolution of sealing before substantive briefing commenced); *Royal Surplus Lines Ins. Co. v. Coachmen Indus., Inc.*, No. 3:01-cv-301-J-HTS, 2002 WL 34537567 (M.D. Fla. Apr. 29, 2002) (granting extension of time to respond to motion for protective order and motion to seal certain evidence permanently).

Notably, Plaintiffs themselves do not oppose temporary restriction of public access to ECF No. 330 and its exhibits pending the Court's resolution of the privilege dispute. ECF No. 336 at 1-2. An extension of Floyd's response deadline—tied to that resolution—is a natural corollary that voids the anomaly of requiring Floyd to respond to a motion whose supporting exhibits may be restricted, sealed, or otherwise limited by the Court's forthcoming order.

### B. Floyd is in the Process of Retaining Independent Counsel to Address the Personal Sanctions Request.

Because Plaintiffs' Sanctions Motion and Show Cause Motion seeks relief against Floyd personally—including revocation of his PHV admission, fee-shifting, and referral to disciplinary authorities. Floyd is diligently retaining independent counsel to advise and represent him concerning that personal exposure. Once retained, counsel will need a reasonable opportunity to review the 35-page motion, its 19 exhibits, the relevant record, and the related protection issues before preparing Floyd's response, as well as the tag along Show Cause Motion.

Due process requires that an attorney facing personal sanctions receive "fair notice" of the conduct that may warrant sanctions and "an opportunity to respond ... before sanctions are imposed." *In re Mroz*, 65 F.3d 1567, 1575-76 (11th Cir. 1995); *see also L. Sols. of Chicago LLC v. Corbett*, 971 F.3d 1299 (11th Cir. 2020). The adequacy of that opportunity depends "to some extent, on the knowledge the party has of the consequences of his own conduct." *Riccard v. Prudential Ins. Co.*, 307 F3d 1277, 1294 (11th Cir. 2002). Where—as here—the consequences include revocation of PHV admission and disciplinary referral, due process demands a meaningful, not merely nominal, opportunity to respond.

Courts in this circuit have recognized that exposure to personal sanctions can create a conflict of interest between attorney and client that warrants independent representation. *See In re Atl. Int'l Mortg. Co.*, 373 B.R. 156 (Bankr. M.D. Fla. 2007) (acknowledging that simultaneous sanctions exposure for both client and counsel creates a conflict of interest requiring careful procedural management); *In re Engle Cases*, 283 F. Supp. 3d 1174 (M.D. Fla. 2017) (noting that sanctioned attorneys retained separate counsel to represent them on the sanctions issue, and the court entertained argument from that independent counsel). Once retained, counsel will need a reasonable opportunity to review the 35-page motion, 19 exhibits, and the relevant record before preparing a response.

**C. The Requested Extension Will Not Prejudice Plaintiffs.**

The request is timely and limited. It will not alter any hearing, trial, discovery, or other case-management deadline. Plaintiffs have identified no case-specific prejudice that would result from the requested extension. To the contrary, sequencing the briefing after the Court addresses the disputed materials may narrow the issues.

**D. Plaintiffs Refused to Confer in Good Faith.**

Floyd made good-faith efforts to resolve this dispute without Court intervention. Floyd requested consent to an extension on August 21, 2026, and specifically requested a meet-and-confer time on August 24, but Plaintiffs would not agree. Plaintiffs neither agreed to the extension nor provided a meet-and-confer time. Instead, Plaintiffs responded with an unacceptable condition—a stay of an entirely unrelated deposition in pending arbitration—that has nothing to do with the Sanctions Motion or Floyd's deadline to respond. When Floyd declined, Plaintiffs offered another trade, a week-long extension of time in exchange for Plaintiffs filing a reply brief. Plaintiffs' approach to "horse trading" is at odds with good faith conferral. Here, there is a good faith basis for an extension of time. Should Plaintiffs have a good faith basis to seek a reply brief, it would not be opposed, independent of whether Plaintiffs agreed to extend time.

Plaintiffs have consistently misinterpreted LR 7.1(B). Before filing their motion for Sanctions, near close of business on Thursday, August 13, 2026, Plaintiffs sent a vague meet and confer request stating they were seeking sanctions against Floyd "or unauthorized interference with the discovery process in the consolidated cases related to subpoenas Plaintiffs issued in November and December 2025." The following afternoon, Floyd began looking through records pertaining to the referenced subpoenas and set up a conference with co-counsel, but prior to getting back to Plaintiffs they filed their motion claiming that the local rule only requires a 24-hour notice. While LR 7.1(B) does reference that "the other side should ordinarily get *at least* 24 hours' notice, Plaintiffs miss the spirit of the rule and the bigger picture. The heart of the rule is that the parties should make a good-faith attempt at resolving any issues they can in advance of burdening the Court. When a meet-and-confer was actually held after Plaintiffs filed their motion, they agreed that the exhibits should have been filed under seal. Had they proceeded in good faith from the beginning, at least that portion of the dispute could have been resolved.

Before filing Plaintiffs' Show Cause Motion, they again at the close of business on Thursday, August 20, 2026, sent another vague email stating their motion would be based on their "understanding Defendants were provided RBT documents marked AEO." Floyd and Smith both asked for sufficient details to investigate the allegations: confirmation that the allegations pertain to the 2022 case

(as RBT hadn't produced any AEO material in the arbitration); when the alleged disclosure occurred; and the email or other communication in which the documents were shared. Plaintiffs do not provide the requested information and instead provide vague descriptions: "AEO DeMonico deposition transcript, an AEO Rare Breed purchase agreement, and an AEO license agreement." Floyd again asks, is this in relation to the 2022 or the contempt case (both of which are '149 Case); requests the email forwarding this information to McKnight and Rios; and asks for particulars on the DeMonico deposition (as DeMonico had been deposed in other cases and to Floyd's recollection was not deposed in the 2022 '149 Case). Plaintiffs again refuse to provide the requested information. Floyd points out that the purpose of a meet-and-confer is to attempt to reach agreement on all or part of the issues to save the court time, which is not possible if Plaintiffs refuse to provide sufficient information to conduct an investigation. Inexplicably, RBT's attorneys go so far as to claim they haven't seen the DeMonico transcript, even though any AEO designation would not apply to them. Plaintiffs again fall back on their interpretation of LR 7.1, stating we've given you 24 hours and file their motion. The motion contains the information that Floyd and Smith requested.

## IV. CONCLUSION & REQUESTED RELIEF

For the foregoing reasons, Floyd respectfully requests that the Court enter an order (1) extending his deadline to respond to the Sanctions Motion (ECF No. 330)

and the Show Cause Motion (ECF No. 337) until seven (7) business days after the Court enters its ruling on the Atrius Motion (ECF No. 332), including all relief sought therein. Or, in the alternative, (2) extending those same deadlines to a common date of September 11, 2026 — a two-week extension as to the Sanctions Motion and a one-week extension as to the Show Cause Motion, so that both deadlines run concurrently and Floyd need prepare only a single, coordinated response.

## LOCAL RULE 7.1(B)–(C) CERTIFICATE

The undersigned, appearing pro se, certifies that on August 21, 2026, Floyd sent correspondence to Plaintiffs' counsel requesting consent to the extension sought herein and requesting a meet-and-confer time. Plaintiffs did not agree to the extension and did not provide a meet-and-confer time. Instead, Plaintiffs first tried to tie an extension of time to the delay of an unrelated deposition in the arbitration. When Floyd declined the trade, Plaintiffs stated they would agree to an extension to September 4 in exchange for Floyd's consent to Plaintiffs' filing a reply brief. The parties are at an impasse.

## LOCAL RULE 7.1(F) CERTIFICATE

The undersigned, appearing pro se, certifies that this motion complies with Local Rule 7.1(F).

DATED: August 26, 2026

*/s/ Adam V. Floyd*

Adam V. Floyd
3203 Bluffs Lane
Parker, Texas 75002
512.4987.7500
AFloyd@FloydIP.com

Non-Party, Pro Se,
Specially Appearing

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2026, I caused the foregoing document to be filed with the Clerk of Court in paper form, and served a true and correct copy of by U.S. mail on that same date to:

**GLENN D BELLAMY**
WOOD HERRON & EVANS LLP –
600 VINE STREET
SUITE 2800
CINCINNATI, OH 45202

**JOSIAH CONTARINO**
CONTARINO ROTH LLC
101 EISENHOWER PARKWAY
SUITE 300
ROSELAND, NJ 07068

**MATTHEW COLVIN**
FISH & RICHARDSON
1717 MAIN STREET
SUITE 5000
DALLAS, TX 75201

**MICHAEL JOSEPH SMITH**
BAKER LAW GROUP PLLC
1106 CLAYTON LANE
SUITE 565
AUSTIN, TX 78723

**RYAN SANTURRI**
ALLEN DYER DOPPELT
255 S ORANGE AVE
STE 1401
ORLANDO, FL 32802-3460

**EDWARD CHIN**
MCKOOL SMITH PC
300 CRESCENT COURT
SUITE 1500
DALLAS, TX 75201

Respectfully submitted,

*/s/ Adam V. Floyd*
Adam V. Floyd, Non-Party, Pro Se